HANNIBAL E. HAMLIN, Attorney General,

BY INFORMATION, PETITIONER FOR MANDAMUS,

*vs.*

HENRY L. HIGGINS, et als.,

OF THE CITY COUNCIL OF ROCKLAND.

Kennebec.     Opinion July 9, 1907.

*Mandamus, Jurisdiction of Justices. Petition. Filing. Notice. Service.*
*Practice. Proceedings. Allegations. Alternative Writ. Return.*
*Peremptory Writ. Pleadings. Hearing. Waiver. Questions*
*of Fact. Irregularities. Errors. Statute of Anne,*
*chapter 2, section 7. R. S., chapter 85,*
*section 2; chapter 104,*
*sections 17, 18.*

1. The authority of the court to issue writs of mandamus is vested in each Justice thereof, to be exercised by him, not as presiding Justice in a regular term of court, but individually and in any county whether holding a term of court there or not.

2. The petition for the writ of mandamus may be presented to any Justice in any county in term time or vacation, and such Justice may take cognizance of the petition whatever the county of its origin and although some other Justice may be then in that county.

3. Upon receiving a petition for the writ of mandamus, the Justice may order notice of hearing thereon returnable before him in that or any other county at a time and place to be fixed by him.

4. At the hearing upon the petition, the only question to be determined is the sufficiency of its allegations. Their truth or falsity will not then be considered unless under agreement of the parties that the whole question of the issuance of the peremptory writ be then determined.

5. If the allegations in the petition are adjudged upon hearing to be sufficient, the Justice may issue the alternative writ of mandamus returnable before him in any county at a time and place to be fixed by him.

6. The alternative writ of mandamus is not an original writ nor a final writ of execution, but is of the nature of an interlocutory rule to show cause, and is sufficiently authenticated by the signature of the Justice issuing it, without the seal of the court and without the signature of any clerk of the court.

7. It is not necessary that the petition or the alternative writ of mandamus be filed or entered upon the docket of the court in the clerk's office in any county prior to the making a final order after the return of the alternative writ. The case remains in the control of the single Justice in whatever part of the State he may be.

8. When there are several respondents to a petition for the writ of mandamus, and one or more of them acknowledge service of the order of notice, the other respondents cannot require such order to be actually served upon those acknowledging such service.

9. The respondents are to make return to the alternative writ of mandamus at the time and place appointed therefor, but the Justice issuing the writ does not lose jurisdiction of the case by not being personally present at such time and place.

10. Upon the return to the alternative writ, the petitioner may demur to or traverse such return, and then a time and place in any county may be fixed by the Justice for hearing thereon.

11. If upon such hearing the Justice orders the peremptory writ of mandamus to issue, he may direct from what county it shall issue from the clerk's office of the court and be made returnable. The case may then be entered on the docket of the court in that county and the papers be there filed.

12. Upon the return to the alternative writ of mandamus, the petitioner may reply to the return, and the Justice has power to allow amendments of the allegations and directions in the alternative writ which do not introduce any new ground for the writ, nor authorize a more stringent command in the peremptory writ.

13. If at the hearing upon the return to the alternative writ the petitioner states that he waives some particular allegation in the alternative writ and offers no proof of it, the respondents have no need to disprove it.

14. A petition for a writ of mandamus addressed "To the Hon. Justice of the Supreme Judicial Court now being holden at Bangor within and for the County of Penobscot" is not necessarily addressed to the court then in session, and may be considered as addressed to the Justice individually.

15. An order of notice upon such petition headed "Supreme Judicial Court, Penobscot County, April Term, 1907" and returnable "at the Supreme Judicial Court now in session at Bangor in and for said County of Penobscot," but signed by the Justice individually, and not as presiding Justice, is a mere irregularity in form and does not effect the jurisdiction of the Justice.

16. That in the alternative writ the respondents were commanded to "make known in our Supreme Judicial Court before our undersigned Justice thereof," &c., is mere error in form, if any error at all, and does not affect the jurisdiction of the Justice.

17. The Attorney General of the State having signed and authorized the petition for the writ of mandamus in a matter affecting the public, it is

immaterial what persons or counsel thereafter prosecute the case in his name and under his authority.

18.  In proceedings for the writ of mandamus before a single Justice questions of law only can be taken to and considered by the Law Court. All questions of fact, or of propriety or expediency, are to be determined finally by the Justice having original cognizance of the case.

19.  In this case, after the hearing upon the return to the alternative writ, the Justice ordered the case to be entered on the docket of the court and the papers filed in the clerk's office in Kennebec County, and ordered the peremptory writ to be issued from the clerk's office in that county and made returnable there.  This was a sufficient compliance with the law, though the parties reside in Knox County.

20.  In this case it was not seriously questioned that the allegations in the petition and in the alternative writ justified the issuance of the peremptory writ, provided the proceedings were begun and carried on with sufficient regularity to give the Justice ordering the peremptory writ jurisdiction to do so.  No error fatal to that jurisdiction has been pointed out.

On exceptions by defendants.  Overruled.  Peremptory writ of mandamus to issue as ordered.

Petition by Hannibal E. Hamlin in his capacity of Attorney General of the State of Maine, "who petitions in his own proper person, and for said State on relation of Arnold H. Jones of Rockland, in the County of Knox, Mayor of said Rockland, and R. A. Rhodes, R. A. Crie and H. B. Bird all of said Rockland and members of the Common Council of said Rockland, acting individually for themselves and jointly as a committee of and for said Common Council," for a writ of mandamus to compel the Board of Aldermen of said City of Rockland to go into joint convention with the said Common Council for the election of subordinate city officers as required by the City Charter of said Rockland.

This petition was dated at said Rockland, April 16, 1907, and signed by said Hannibal E. Hamlin, Attorney General, and said Arnold H. Jones, R. A. Rhodes, R. A. Crie and H. B. Bird, and was verified by the oath of each of said persons, except the Attorney General, and was addressed "To the Hon. Justice of the Supreme Judicial Court now being holden at Bangor in and for the County of Penobscot."  The gist of the complaint in the petition was that the Board of Aldermen of said Rockland had refused, and continued to refuse, to go into joint convention with the Common

Council of said Rockland for the election of subordinate city officers as required by the City Charter of said Rockland.

Henry L. Higgins, A. B. Clark, A. C. McLoon, B. B. Smith, L. N. Littlehale, Ivan A. Trueworthy and F. A. Blackington constituted the Board of Aldermen of said Rockland at the date of the aforesaid petition.

The case as stated by the bill of exceptions, is as follows:

"The petition of mandamus, dated the 16th day of April, 1907, was presented to Wm. P. Whitehouse, the Justice presiding at the April term of the Supreme Judicial Court at Bangor in the County of Penobscot, upon which the Justice presiding at said court ordered notice to the defendants to appear at the court house in Bangor on Saturday, the twentieth day of April, at five o'clock in the afternoon, a copy of which petition and notice was served upon the defendants forty-eight hours before the time appointed for said hearing. At said time and place appointed these defendants, Blackington, Clark, Littlehale and Smith, appeared by their counsel and objected to the proceedings for several reasons, viz:

"1. Because there had not been seasonable notice or time after same, to answer or show the falsity of several allegations in said petition or to enable the defendants to prove that the time of the commission of the several alleged violations of the law of which the relators complain, all of which, defendants say, happened during or before the session of the Supreme Judicial Court for said County of Knox adjourned, at which court the Chief Justice presided.

"2. Because only four of the seven members of said Board were served with process, the other three members having acknowledged service, and these defendants claim that said members could not legally waive such service, the order of the court being that service be made on all of the seven members. At said time the three members filed their answer, which is made part of these exceptions.

"3. Because the petition had not been filed or entered on the docket of said court in the clerk's office of that or any county in the State. And the defendants also claimed and desired time to show by the records that by the rules of the City Council of Rockland, adopted by the several Boards of the same, it was provided

that the regular meetings of the City Council should be held on the first Monday of each month, and that at the meeting held on the first day of April, 1907, both boards adjourned to the first regular monthly meeting, to be held on the 6th day of May; and that at the special meetings called by the Mayor and held on the 4th and 15th days of April, 1907, since the call did not state the objects or purposes for which said meetings were to be held, any election or attempt to elect officers, were or would have been illegal and void.

"All which requests were, by said Justice, denied, and all the objections interposed by the defendants as aforesaid, were overruled; and thereupon said Justice signed a paper already drawn excepting what writing appears on pages 7 and 8, which did not bear the seal of the court nor the signature of any clerk thereof or appear to have been issued from the Supreme Judicial Court of any county in the State, in which these defendants were commanded, as members of the Board of Aldermen of said City, together with the other three Aldermen to go into joint convention May 6th, 1907, for the purpose of electing certain officers therein named, ' or in default thereof, that you and each of you, make known in our Supreme Judicial Court, before our undersigned Justice thereof, at Augusta on Tuesday, the seventh day of May next at four o'clock in the afternoon, why you should not have the same done, service of the writ to be made by copy seven days before said meeting.'

## "SECOND EXCEPTION.

"On said 6th day of May said Aldermen did not vote to meet and did not meet the Common Council in joint convention. That on Tuesday, the 7th day of May, at 4 o'clock in the afternoon, said defendants did appear personally and by counsel at Augusta aforesaid, ready 'to make known in the Supreme Judicial Court before the undersigned Justice thereof' at the court house in Augusta aforesaid, and then and there desired to explain and make known why they did not meet in joint convention as commanded, but found no Supreme Judicial Court in session or Justice thereof present at the time and place designated in said writ. Before 9 o'clock of the

morning of said 7th day of May the clerk of said court at Augusta received a telegram from said Justice Whitehouse, who was absent from the city, stating that the hearing on said mandamus case was adjourned for one week and directing him to notify counsel. But counsel for defendants had already started for Augusta and did not receive such notice. But said notice was received by the clerk of A. S. Littlefield in Rockland and its contents sent to Burpee, the other counsel for plaintiffs, at Brunswick, who informed defendants' counsel of it, that being the only notice in reference to it received by them. Said defendants, being informed that there was no record of any action in the nature of a mandamus as aforesaid pending in the Supreme Judicial Court in Kennebec County, by the clerk thereof, did not ' make known in the Supreme Judicial Court or before any Justice thereof' why defendants did not do as commanded. On the following Monday noon, May 13th, R. I. Thompson, one of the counsel for these defendants, received a letter from Mr. Justice Whitehouse informing him that ' there appeared to be a misunderstanding in regard to the hearing in the mandamus case. The answer to the alternative writ was to be filed the 7th, but I understood that if any hearing was desired it was to be arranged later,' and therein informed said counsel that it would be 'necessary for the hearing, if any, to begin Tuesday morning next,' May 14th, ' at 9 o'clock.' On said day, viz., May 14th, defendants' counsel appeared before said Justice, at the time mentioned in said letter, and then and there plaintiffs' counsel presented to said Justice the process to which these defendants were summoned to answer, dated April 20, 1907. Thereupon defendants' counsel seasonably objected to the irregularity of the proceedings, claiming that defendants had already complied with the order of the court or Justice thereof, and that the court or Justice thereof had, at that time and place, no jurisdiction of the subject matter as said action was not pending in court in any county in the State, but no objection was made because of the hour of hearing, but to a hearing at any hour. Thereupon said Justice, against the objections of these defendants, ordered the clerk of said court in Kennebec County to enter on its docket ' Petition and alternative writ filed as of May 7th, 1907.' After said entry defendants filed

a written motion to quash said alternative writ, which motion was overruled by said Justice, who thereupon ordered said defendants to file a return, which return, under protest of defendants, was then filed.

" To all which rulings and refusals to rule, defendants seasonably objected and noted exceptions.

## " THIRD EXCEPTION.

" A. H. Jones, R. A. Crie, H. B. Bird and R. A. Rhodes, by their counsel against the objection of these defendants, were allowed, after the return of the defendants had been made and filed, to file their reply to the return in which they admitted the allegations in the return setting forth authority to elect a road commission instead of a road commissioner and authority to elect not exceeding five assistant engineers of the fire department and asking that ' the proceedings be amended so as to set forth said discretion in accordance with the language of said charter,' and that the peremptory writ of mandamus allow said City Council to exercise said discretion;' said reply making the records of the two Boards of the City Council and the City Charter and Ordinances, so far as they relate to the election of officers of said city, a part thereof. The defendants thereupon asked said Justice for further time to enable them to introduce certain records of the city, and to introduce witnesses as to certain allegations in said petition and writ, as to a ' declared purpose' alleged in said writ, ' to force the majority in joint convention of the City Council to agree in advance to let the minority name one or more of the most important officers, but the petitioner waived all such allegations and made no claim of proofs thereof and said request was denied. Upon which, at the request of the plaintiff's counsel, a decree ordering a peremptory writ of mandamus, signed by Justice Whitehouse, was filed.

" To all which rulings and refusals to rule as heretofore set forth, these defendants except and pray that their exceptions be allowed."

At the argument in the Law Court, the defendants urged certain objections which were not reserved in the bill of exceptions, and as

it was claimed that some of these objections went to the jurisdiction of the Justice to issue the writ alternative or peremptory, the Law Court considered the same, "since a court should always consider a question of its jurisdiction, however raised." These objections are stated in the opinion.

Sections 17 and 18 of chapter 104 of the Revised Statutes, regulating the procedure in mandamus proceedings, are as follows :

"Section 17.  A petition for a writ of mandamus may be presented to a justice of the supreme court in any county in term time or vacation, who may, upon notice to all parties, hear and determine the same, or may reserve questions of law arising thereon, upon exceptions or otherwise, for the determination of the full court, which may hear and determine the same as hereinafter provided ; but in all cases where exceptions are alleged to any rulings, findings or decrees made upon such petition, the case shall be proceeded with as if no exceptions had been taken, until a decision shall be had and the peremptory writ shall have been ordered, so that the overruling of such exceptions would finally dispose of the case, which shall then be certified to the chief justice of said court as provided in the following section. If on such hearing such writ is ordered, it may be issued from the clerk's office in any county and be made returnable as the court directs."

"Section 18.  When a writ of mandamus issues, the person required to make return thereto shall make his return to the first writ, and the person suing the writ may by an answer traverse any material facts contained in such return, or may demur.  If the party suing the writ maintains the issue on his part, his damages shall be assessed, and a judgment rendered that he recover the same with costs, and that a peremptory writ of mandamus be granted ; otherwise the party making the return shall recover costs.  No action shall be maintained for a false return to a writ of mandamus. After judgment and decree that the peremptory writ be granted, the justice of said court before whom the proceedings are pending, shall forthwith certify to the chief justice for decision, all exceptions which may be filed and allowed to any rulings, findings or decrees made at any stage of the proceedings.  The excepting party shall,

within fifteen days thereafter, forward to the chief justice his written argument upon such exceptions and shall, within said fifteen days, furnish the adverse party, or his attorney, with a copy of such argument ; the adverse party shall, within fifteen days after receipt of such copy forward to the chief justice his written argument in reply ; and thereupon the justices of said court shall consider said cause immediately and decide thereon and transmit their decision to the clerk of the court where the petition is pending, and final judgment shall be entered accordingly. If the judgment is in favor of the petitioner, the peremptory writ of mandamus shall thereupon be issued."

By agreement of the parties, the case was argued at the term of the Law Court held at Bangor, in June, 1907.

The case fully appears in the opinion.

*E. P. Burpee and Arthur S. Littlefield,* for plaintiffs.

*Rodney I. Thompson, David N. Mortland and Joseph E. Moore,* for defendants.

SITTING : EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

EMERY, C. J.    This case comes before the Law Court upon the respondent's exceptions to various rulings of a Justice of this court during proceedings resulting in an order for the issue of a peremptory writ of mandamus.

The writ of mandamus was originally a prerogative writ which the Court of King's Bench was wont to issue to any part of the realm for the prevention of disorder from failure of justice or defect of police.    Spelling on Ex. Rem. 1363-1685.    Application was made to the court containing allegations of facts requiring the issuance of the writ.    If these allegations, assuming them to be true, satisfied the court of the need of the writ, there was issued, with or without notice, a precept called the alternative writ of mandamus.    In this precept were recited the allegations upon which it was issued and the respondent was required to do certain acts therein described or make return why he should not do them.    If the respondent did the acts,

the purpose of the procedure was answered. If he did not perform the acts, he might move to quash the alternative writ for want of sufficient allegations or other imperfection, or he might make return upon it of matters of fact relied upon to excuse him his non performance. This return was to be taken as true, unless the applicant for the writ could establish its falsity in an action for false return. The court therefore had only questions of law to determine, the disputed questions of fact, if any, being left to be determined in another action. The recitals in the alternative writ constituted the applicant's case. A motion to quash the writ challenged their sufficiency. The return on the writ constituted the respondent's case, the sufficiency of which could be challenged by demurrer, or the case delayed until the verdict of a jury could be had establishing their truth or falsity. The decision of the court upon these questions determined whether the final or peremptory writ should issue, the execution of which the respondent could not escape.

In this State the procedure is regulated by statute, R. S., ch. 104, secs. 17 and 18. It is there provided that the application for a writ of mandamus may be by a petition therefor presented to a Justice of the Supreme Judicial Court in any county in term time or vacation, who may upon notice to all parties hear and determine the same. He may, however, upon exceptions or otherwise reserve questions of law arising thereon for the determination of the Law Court, but notwithstanding any exceptions to any of his rulings, findings or decrees, the case is to be proceeded with until a decision be reached and the peremptory writ be ordered if such be the decision. If on the hearing, such writ (the peremptory writ) is ordered it may be issued from the clerk's office in any county and be made returnable as the court directs.

If the alternative writ of mandamus is granted on the petition, the respondent is to make his return upon that writ. The petitioner may demur to or traverse the return. If he maintains on his part the issue thus formed he obtains an order for the peremptory writ of mandamus, otherwise he fails and pays costs. After granting the peremptory writ, if such be the decision of the issue, the Justice before whom the proceedings are pending shall certify to the Chief

Justice all exceptions to his rulings to be argued within fifteen days, &c. If the judgment of the Law Court on these exceptions is in favor of the petitioner then the peremptory writ is to issue without further hearing.

It is quite evident from the provisions of the statute cited that the purpose was to make the remedy by writ of mandamus readily and quickly available, with prompt, and even summary procedure. This was made necessary by the short tenure of those officials against whom the writ is most often invoked. Each individual Justice of the court is invested with the full judicial power to receive petitions and grant or deny the writ. He may receive and act upon the petition in any county in which he may then personally be and whether he is holding a term of court there or not.

He is to act personally as an individual Justice and not as the presiding Justice of a court in term time. He is not limited to terms or places. The time and place of hearing upon the petition are not fixed by the statute nor limited to any county or term of court. These are to be fixed by the Justice receiving the petition, and for hearing in any county. Nor does the statute fix the time or place when and where the respondent shall make his return to the alternative writ, nor when or where shall be the hearing on the sufficiency or truth of the return if challenged. These also are to be fixed by the same Justice and in any county. He is to try the issue, if any, whether of law or fact at the time and place named by him in any county, and decide it and order or refuse the peremptory writ accordingly.

There is no provision for the issuance of any precept out of the clerk's office in any county except the final or peremptory writ, and even that writ may be issued out of and returned to such clerk's office as the court directs. The whole proceeding is in the breast of the single Justice without being matter of regular court record until his final decision. Questions of law may be reserved on exceptions or otherwise for consideration by the Law Court, but no appeal upon questions of fact is provided for, nor is there any provision for sending the case back to the Justice for re-hearing. It must be sent to

the Law Court, if at all, in such shape that the decision of the Law Court will be the final disposition of the case.

In the case at bar, the petition was for mandamus to compel the Aldermen of Rockland in Knox County to go into joint convention with the Common Council for the election of subordinate City officers as required by the City Charter. It was presented to a Justice of the court while he was in Penobscot County, and during a term of court he was holding there. After notice to all the parties to appear at Bangor, Penobscot County, April 20th, four days afterward, he there heard the matter of the petition and issued the alternative writ requiring the respondents to go into such convention, or to make return why not, before him at Augusta in Kennebec County May 7, 1907. On or after the return day of the alternative writ the Justice fixed May 14th and Augusta as the time and place for the hearing on the return. At that hearing he ordered the case to be entered on the docket of the court in Kennebec County and the peremptory writ to issue from the clerk's office there.

Four of the respondents reserved numerous exceptions which are now to be considered. They complain :—

1. That they did not have sufficient notice (forty-eight hours) of the petition, nor sufficient time in which to show that its allegations were untrue and that the matters complained of in the petition occurred in Rockland, Knox County before and during the presence of a Justice holding court in that county.

As to the length of the notice, that was entirely within the discretion of the Justice which cannot be reviewed on exceptions unless it has been plainly abused. In this case there was no need of time to prove any facts as the only issue then was the sufficiency in law of the allegations in the petition. Their truth or falsity would not be in issue until a return upon the alternative writ. Further, it was immaterial whether a Justice was in Knox County before or during the acts named in the petition. The petitioners were allowed by the statute to present their petition to any Justice and in any county.

2. That the other three of the seven Aldermen respondents acknowledged service of the notice without it being formally served upon them, though the order was for notice to be served upon all

the seven members.    None of the three who acknowledged notice makes any complaint, and we cannot see how either of the other four is prejudiced thereby.

3.    That the petition was not then filed or entered on the docket of the court in the clerk's office in any county.    We find no law requiring that to be done at that stage of the case.    So far, the case was in the hands of the Justice individually wherever he might be.

4..    That they were not then allowed sufficient time to show by the records certain rules of the City Council affecting meetings in joint conventions.    The answer to their first exception above named applies equally well to this.    The time had not arrived for the consideration of these rules.

5.    At the hearing upon the petition in Penobscot County, the Justice adjudged that the allegations were sufficient and issued the alternative writ of mandamus to be returned before him at Augusta in Kennebec County on the 7th of May next thereafter at four o'clock P. M.    This writ was tested and signed by the Justice, but did not bear the seal of the court, nor the signature of any clerk. The four objecting, respondents moved to quash the writ for these omissions.

The alternative writ in mandamus proceedings is neither an original writ nor a final writ of execution.    It is practically a rule to show cause issued by a Justice in vacation.    It proceeds by way of interlocution from the Justice who has received the petition and who alone has jurisdiction of the proceeding.    We find no statute nor apposite decision holding that it must bear the seal of the court, or be signed by the clerk.    The signature of the Justice himself should be, and in our opinion is, sufficient authentication.    *People* v. *Judges*, 3 How Pr. (N. Y.) 164.

6.    On the return day and hour of the alternative writ the four respondents and their counsel appeared at the Court House in Augusta, ready to make a return to the writ, but the Justice was absent from town, he having understood that though the return was to be made May 7, the hearing thereon, if any was desired, was to be arranged for later.    On that day, or the next, he notified counsel he would hear them at the Court House in Augusta at 9 o'clock A. M.

May 14th.  At that time counsel on both sides appeared, and the counsel for the four objecting respondents objected to any further proceedings and moved the alternative writ be quashed on the ground that the Justice had no jurisdiction of the subject matter nor of the proceeding, at that time and place.  The Justice overruled these objections and, against the objection of the respondents, directed the clerk of the court for Kennebec County to enter on its docket their " Petition and Alternative Writ filed as of May 7, 1907."  The respondents then again moved to quash the writ but the Justice refused and ordered a return to be made which the respondents did under protest.

For reasons already stated we think it clear the Justice had not lost jurisdiction by not being personally present at the time and place named for making return to the writ.  There was no need for the respondents to then and there appear in person or by counsel, any more than for an officer to appear in person when he makes return of a precept.  31 Maine, 591-2.  The time and place were named for making the return, not for the hearing.  There would be no issues disclosed for hearing until after the return and the petitioner's demurrer or answer to it, and non constat that there would be any issue at all.  Indeed, the respondents might perform the acts required and so return.  True, trial justices to retain jurisdiction must be present in person at the time and place named for the defendant to appear, but that is because the statute, R. S., ch. 85, sec. 2, explicitly so provides, and a trial justice is an inferior magistrate of limited statutory jurisdiction.  The jurisdiction of the Justices of the Supreme Judicial Court is not within that statute and is not thus limited.

On the return day or soon after, the Justice fixed a time and place for hearing on the issues raised by the return and gave seasonable notice to the parties.  The respondents make no complaint of want of opportunity for hearing.  Their objection to the jurisdiction of the Justice must be overruled.

7.  The objecting respondents then made to the writ, though under protest, a return setting forth the matters of fact and law relied upon by them as cause for not performing the acts named in

the writ to be performed. The petitioners were then allowed against the respondents objection to file a reply to the return. Assuming, as above held, that the Justice still had jurisdiction of the case there could be no legal objection to allowing the petitioners to file an answer, or reply, as authorized by the statute, R. S., ch. 104, sec. 18.

8. In the alternative writ, the respondents among other matters were required to go into joint convention to elect among other subordinate officers a Road Commissioner, and three Assistant Engineers of the Fire Department. In their return they alleged authority in the City Council to elect at its discretion a Road Commission instead of a single Road Commissioner, and not exceeding five Assistant Engineers of the Fire Department. In their reply to the return the petitioners admitted the authority of the City Council to be as stated and asked that the proceedings be amended accordingly, and that the peremptory writ of mandamus allow the exercise of that discretion. This was done and the respondents excepted.

The allegations in the alternative writ are in the nature of pleadings only. They set forth the petitioners case upon which the writ is based. They are clearly amendable in the discretion of the court or Justice, at least so far as the amendment does not introduce any new ground for the writ, nor authorize a more stringent command in the peremptory writ. 31 Maine, 591-2. *Brown* v. *Rahway*, 51 N. J. L. 279. By the Statute of Anne, c. 2, sec. 7, the statute of jeofails was extended to include "all writs of mandamus." The amendment allowed in this case stated no new ground for the writ, nor did it cause the peremptory writ to press harder on the respondents. On the contrary, it allowed them more discretion as to what they should do.

9. It was also alleged in the alternative writ, that one purpose of the objecting respondents in refusing to go into the joint convention was to force the members of the City Council to agree in advance to let the minority in the joint convention name one or more of the important officers. At the hearing, the respondents, denying this allegation, asked for further time to enable them to disprove it, but the petitioners thereupon waiving all such allegations and making no

claim of proofs thereof, the request was denied and a decree signed
and filed in the clerk's office in Kennebec County for the peremptory
writ to issue.

The allegation complained of was immaterial and even impertinent
and undoubtedly would have been stricken out upon motion therefor,
but there was no need to disprove it, especially after the petitioners
waived it.    The motives of the respondents good or bad did not vary
their legal duty.

The foregoing disposes of all the exceptions reserved at the various
hearings.    At the argument the counsel for the respondents urged
still other objections to the proceedings.    So far as these objections
are to mere irregularities they have not been brought before us by
any exception and hence cannot be considered.    It is claimed how-
ever that some of them go to the jurisdiction of the Justice to issue
the writ alternative or peremptory, and such of these as have not
already been disposed of will be considered, since a court should
always consider a question of its jurisdiction, however raised.

1.    The petition was addressed "To the Hon. Justice of the Su-
preme Judicial Court now being holden at Bangor in and for the
County of Penobscot."    It is claimed that, being thus addressed, the
petition was cognizable only by the court in that county and that the
Justice had no jurisdiction thereof at any other place or time than on
the bench in that county and in term time.    We do not think the
argument sound.    By express statute the Justice, not the court, is
given jurisdiction although the petition may be presented to him at
any time.    The fact that he is holding a term of court at the time
does not oust him of jurisdiction or limit his power as an individual
Justice.    His name was not stated in the petition but he was suffi-
ciently identified by being described as the Justice holding that term of
court.    The petition was really presented to him and not to the court
then in session.

2.    The order of notice on the petition was headed "Supreme
Judicial Court, Penobscot County, April Term, 1907," and in it the
respondents were notified to appear "at the Supreme Judicial Court
now in session at Bangor in and for said County of Penobscot" &c.
It was signed however by the Justice, not as "presiding Justice,"

but as "Justice Sup. Jud. Court." It is evident that the error in the form of the notice, if any, is merely an error in procedure not going to the jurisdiction. At the time and place named in the notice the respondents appeared before, and were heard by, the Justice himself who, as above stated, had jurisdiction to hear the case. If there was error in the wording of the notice it was thus fully cured.

3. In the alternative writ the respondents were commanded to "make known in our Supreme Judicial Court before our undersigned Justice thereof at Augusta" &c. This also, if an error, is clearly error in form only. The proceedings were to be, and were, before the Justice signing the alternative writ.

4. The petition was by the Attorney General at the relation of the Mayor and three persons members and a committee of the Common Council of Rockland. These four relators conducted the case for the petitioners. It is objected that they had no such interest in the case as entitled them to do so. The name and authority of the Attorney General are sufficient to give the Justice jurisdiction, the subject matter being of a public nature. It is immaterial who thereafter prosecutes the case.

5. Counsel for the respondents urge that they were subjected to unnecessary trouble and expense in defending against the petition and they also distrust the motives of the relators. These are not questions of law however and are not cognizable by the Law Court.

The case seems to have been carefully considered by the Justice who received the petition and who, as we hold above, undoubtedly had jurisdiction of it. We have carefully read and thought over every argument made in the respondents very able and forceful brief, but we find nothing fatal to the jurisdiction and procedure of that Justice in the case, and nothing to prevent the issuance of the peremptory writ of mandamus from this court in Kennebec County as ordered by him.

<div style="text-align:center">

*Exceptions overruled.*

*Peremptory writ of mandamus to issue as ordered.*