CHARLES A. DAY et als., Petitioners for Mandamus

*vs.*

CHARLES D. BOOTH.

Aroostook. Opinion December 14, 1922.

*Exceptions do not lie to the exercise of judicial discretion unless that discretion has been clearly abused. Neither do exceptions properly lie to either the granting or withholding of a writ of mandamus, it being a discretionary writ and not a writ of right, unless the ruling is based upon a question of law or upon a clear abuse of discretion on the part of the Justice in passing upon the facts.*

In the instant case the Justice who heard the cause passed upon questions of fact only in his finding, and under the rule established in previous decisions the conclusion that the petitioners were entitled to the remedy sought followed.

In this class of cases the excepting party must show either an erroneous ruling in law or a clear abuse of judicial discretion. Failing in this the decision below stands.

On exceptions. This is a petition for mandamus brought under Sec. 22, Chap. 51, of the R. S., by Charles A. Day and Herbert D. Knox, as co-partners under the firm name of Charles A. Day & Company, owners of two shares of the preferred stock of the Municipal Service Company, a Maine corporation, against Charles D. Booth, the clerk of said corporation, to allow them to inspect the stock book of said corporation, and to take copies and minutes therefrom of such parts as concern their interests, and to make a list of the stockholders of said corporation, their residences and the amount of stock held by each. A hearing was had upon the petition, return to the alternative writ, replication and proofs, and the presiding Justice ordered the peremptory writ of mandamus to issue against the respondent, and plaintiff excepted. The exceptions were certified directly to the Chief Justice under Sec. 18, Chap. 107, of the R. S. Exceptions overruled.

The case is sufficiently stated in the opinion.

Ralph W. Crockett, for plaintiff.

Verrill, Hale, Booth & Ives, Charles D. Booth and Robert Hale, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J.    This is a petition for mandamus brought by a partnership stockholder against the clerk of the Municipal Service Company in the usual form, praying that the defendant be commanded to allow the petitioners to inspect the stock book of the corporation, to take copies and minutes therefrom of such parts as concern their interests, and to make a list of the stockholders, their residences, and the amount of stock held by each.    This proceeding is based upon R. S., Chap. 51, Sec. 22, and the legal rights of stockholders under that section have been fully considered in previous decisions of this court.    White v. Manter, 109 Maine, 408; Withington v. Bradley, 111 Maine, 384; Eaton v. Manter, 114 Maine, 259; Knox v. Coburn, 117 Maine, 409; Bryer v. Wyman, 118 Maine, 378; Shea v. Sweetser, 119 Maine, 400.

The Justice who heard the case found that the purpose and methods of the petitioners could not be deemed vexatious, improper, unlawful or inimical to the interests of either the corporation or its stockholders under the facts as disclosed in the evidence.    This was a finding of fact and under the rule established in previous decisions the conclusion that the petitioners were entitled to the remedy sought followed.    To clarify the situation as a matter of practice it is necessary to go further.    Nowithstanding the fact that this court has entertained exceptions from the ruling of the sitting Justice in this class of cases, the proper scope and limit of such exceptions should not be overlooked.

It is a general and well recognized rule that exceptions do not lie to the exercise of judicial discretion unless that discretion has been clearly abused.    The writ of mandamus being a discretionary writ and not a writ of right, exceptions do not properly lie to either the granting or withholding of that writ unless the ruling is based upon a question of law or upon a clear abuse of discretion on the part of the sitting Justice in passing upon facts.    In Eaton v. Manter, 114 Maine,

259, and *Bryer* v. *Wyman*, 118 Maine, 378, questions of law were involved; while in *White* v. *Manter*, 109 Maine, 408, the first case arising under the present statute, and in *Withington* v. *Bradley*, 111 Maine, 384, 389, the question of abuse of discretion although not sharply stated was evidently under consideration by the court. In *Eaton* v. *Manter*, after discussing the discretionary power of the court and the facts on which the decision below was based, the court said: "Accordingly we hold that the power of this court was properly exercised in this case." A similar expression is used in *Withington* v. *Bradley*.

It is proper to state this rule now in definite and unmistakable terms so that the profession may not regard exceptions in this class of cases equivalent to an appeal. The excepting party must show either an erroneous ruling in law or a clear abuse of judicial discretion. Failing in this the decision below stands.

In the pending case no questions of law were reserved by the sitting Justice and no rulings were excepted to during the progress of the hearing. After stating his contentions as to the effect of the evidence, purely a question of fact, the bill of exceptions concludes: "To the ruling of the single Justice that the peremptory writ of mandamus should issue, the respondent excepts and prays that his exceptions may be allowed." This exception must be confined to the abuse of judicial discretion, and a careful examination of the evidence fails to support the claim. The entry must therefore be,

*Exceptions overruled.*