FRED M. LIBBY ET AL., Petitioners for Mandamus

*vs.*

YORK SHORE WATER COMPANY.

York.    Opinion February 4, 1926.

*The Public Utilities Commission has jurisdiction by implication in mandamus proceedings to compel a water company as a public utility to furnish water to an applicant therefor.*

*In mandamus proceedings the Law Court has no authority under the statute for deciding disputed facts, nor to send a cause back to be heard further. Not, properly, until a peremptory writ has been ordered by a single Justice and a final decision by him taken to the Law Court, has the full court jurisdiction.*

This case comes to the Law Court prematurely. Where these proceedings did begin, there they must stay, till they run their compass.

On report. A petition for mandamus. The petitioners as owners of certain land in the town of York adjacent to a highway beneath the

traveled portion of which extended the main of defendant water company, a public utility, made application to respondent for use of water and were refused. On the following day a petition for mandamus was filed by such owners seeking to compel the water company to furnish them water. The respondent moved the dismissal of the petition. Without any ruling by the Justice on the motion to dismiss, under an agreed statement of facts, the cause was reported to the Law Court to determine as to whether it was within the discretion of the court to order the issuance of the alternative writ on the grounds thus shown. Report discharged.

The case fully appears in the opinion.

*Stewart & Hawkes*, for petitioners.

*Frank D. Marshall and Charles J. Nichols*, for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, BASSETT, JJ.

DUNN, J. The overt phase of this case is that of nonconformity to statutable procedure in mandamus proceedings. This aspect will be seen against the history and the rule.

These petitioners own certain land in the town of York. They are desirous that their property have the use of water. The public utility whose main is beneath the traveled portion of the adjacent highway, has refused to provide that use.

Attention by the Public Utilities Commission never has been sought. No statute expressly confers jurisdiction on that commission in events of this nature, but its power to deal with such situations would seem impliedly within the area of legislative meaning. R. S., Chap. 55. The decision in *Robbins* v. *Railway Company*, 100 Maine, 496, that mandamus lies immediately by an individual to make a public service corporation supply water to him, antedates the utilities law. So much by way of passing remark for that.

On the day following the denial by the respondent company, the present petition for mandamus was filed, in purpose to compel the furnishing of water.

The respondent moved the dismissal of the petition. This done, and without the Justice ruling, the counsel on the one side and the other stipulated facts agreed into the record, and suggested reserving for the Law Court whether the alternative be a writ discretionally issuable on the grounds thus shown. That suggestion found favor.

It is personally to an individual member of this court, distinguishably from him presiding as justice in term time, that a petition for mandamus should be addressed. R. S., Chap. 107, Sec. 17; *Hamlin v. Higgins*, 102 Maine, 510.

Once the petition is presented, the justice fixes the time and place for hearing thereof. Limitary provisions affect neither these things nor the length of the previous notice which others concerned shall have, but corrective means will reach a discretion unmistakably abused. Hearing the petition has to do with the granting or the denying of the alternative writ, a writ which determines nothing in favor of the petitioner or against the respondent, but has resemblance to an interlocutory order to show cause, which is obeyed by answering, the answer being styled the return.

The return, if it does not show a compliance with the mandate or command of the alternative writ, must either deny the facts which the writ sets out, or state other facts sufficient in law to defeat the petitioner's claim. *Dane* v. *Derby*, 54 Maine, 95. The person suing the writ, the petitioner as custom is to call him, may by his answer wholly or partially traverse the return, and on the issue so formed introduce for trial and determining the further and deeper question of whether the peremptory writ is issuable. Or, in the stead of challenging some particular matter of fact alleged by the opposite party, the petitioner may demur to the return, and in this way advance an issue which, as if it were raised by traverse, he must maintain; or failing this, see his cause fall. R. S., Sec. 18; *Hamlin* v. *Higgins*, supra.

The justice may reserve questions of law for the full court.

And, after judgment and decree by the justice that peremptory writ is issuable, exceptions saved all along from issue joined, and till now temporarily inactive or inoperative, are arguable above, on certification to the chief justice. R. S., Sec. 17; *Hamlin* v. *Higgins*, supra. There the excepter must show, not merely a granting or withholding of the writ, but an erroneous ruling in law, or patent misuse of discretionary control, else the decision below stands. *Day* v. *Booth*, 122 Maine, 91.

But there is absence of authority for deciding disputed facts by the full court, and likewise for sending a cause back to be heard further. *Hamlin* v. *Higgins*, supra. Properly, a case may not come forward before the ordering of the peremptory writ, and a coming from final

decision by the justice is for final decision here, that the controversy may know an end . for good and all.    *Lawrence* v. *Richards*, 111 Maine, 95.

This case is up too soon. Where these proceedings did begin, there they must stay, till they run their compass.

*Report discharged.*