## SING v. SITKA SCHOOL BOARD.

First Division.   Juneau.   April 26, 1927.

No. 2698–A.

**1. Mandamus ☞160(1), 163, 164(1)—Writ of Mandamus—Pleading.**

The writ of mandamus is the foundation of all subsequent proceedings in the action, and which may be demurred. to or answered in the same manner as a complaint in equity. It is meant to serve the same purpose as a complaint in other actions and must state all material facts sufficient to show a claim of right to the relief demanded.

**2. Mandamus ☞156—Service of Pleading on President of School Board.**

·   When the statute provides that service shall be made on the school board by delivery of the process to the clerk of the board, *held*, service on the president of the board gave the court no jurisdiction over the board as such.

**3. Appearance ☞19(1)—Mandamus ☞141—General Appearance by Demurrer—Jurisdiction.**

·   When the defendants by their attorney entered a general appearance to the original writ of mandamus by demurring thereto, all the members of the school board came under the court's jurisdiction, and the court having once obtained general jurisdiction over the person of the defendants, will retain it for all purposes.

**4. Mandamus ☞163—Courts—Appearance—Jurisdiction—Amendments.**

The courts having acquired jurisdiction over the persons of the defendants by their appearance by their attorney to demur to the writ of mandamus, it had the authority, after sustaining the demurrer to the original writ or the motion to quash for insufficient allegations therein, to allow amendments to the writ.

**5. Mandamus ☞159, 160(7)—Pleadings—Amendments—Writ of Mandamus.**

An amended writ of mandamus takes the place of the original writ, as an amended complaint takes the place of an original complaint. Under the provisions of our statute, an alternative writ of mandamus is a mere pleading, and an amendment thereto being allowable, the amendment was not equivalent to· the commencement of a new action.

**6. Mandamus ☞161—Service—Amended Writ.**

It is not necessary to serve an amended writ of mandamus on the defendants personally, as a process in a new action, as the defendants had appeared generally and service on their attorney was sufficient, and the court had jurisdiction of the person of the defendants.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. Mandamus ⬅151(2)—Schools and School Districts—Parties.

When a suit in mandamus is brought to compel the school board to perform a legal duty, the designation of the individual members of the board is sufficient, and that they are proper parties to the action.

8. Schools and School Districts ⬅13—Indians—Constitutional Law.

The Fourteenth Amendment to the Constitution of the United States does not guarantee to the colored races (or Indians) a community of rights with the white race, and it is within the power of the State (the territory of Alaska) to establish separate schools for the colored (or Indian) race; but such schools must be on an equal plane with those maintained for the white race.

The petitioner, Henry Sing, through his father and guardian ad litem, Peter Sing, on December 13, 1926, filed a petition, praying for the issuance of a writ of mandamus against the defendants above named, requiring them to admit him into the public school of the Sitka school district, within the incorporated town of Sitka, Alaska. The petitioner alleged in his petition that he is between the ages of 6 and 21 years; that the defendants are the duly elected, qualified, and acting school board of the Sitka school district, the boundaries of which are identical with the boundaries of the incorporated town of Sitka in the territory of Alaska; that the petitioner resides with his father within the said district; that he, by his father, on October 21, 1926, applied to Mrs. George H. Peterson for admission to the public schools of said district, and that the said Mrs. Peterson, being president of the board, inquired if petitioner had any Indian blood in him, which inquiry being answered in the affirmative, the said Mrs. Peterson informed the petitioner's guardian that the matter would be placed before the school board and its answer returned; that thereafter, within three days, the said Mrs. Peterson informed the father and guardian of the petitioner that the petitioner's application had been placed before the school board aforesaid, and that his application for admission to said public school had been denied, for the reason that the petitioner was of Indian descent, and hence came within the rule of the board that no child of Indian blood should be allowed to enter the public school within the Sitka school district. Petitioner further alleged that he was qualified in all other respects to enter said school.

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On the filing of the petition an alternative writ was ordered issued, returnable on January 5, 1927. The writ so ordered was issued, and was addressed to the several defendants above named as the school board of the incorporated town of Sitka. The writ, according to the marshal's first return, was served on Mrs. George H. Peterson personally. An amended return was made on January 7, 1927, which certifies that the writ was served on defendant Mrs. George H. Peterson, she being then and there the president of the school board of the incorporated town of Sitka. On January 5, the return day, Mrs. Peterson appeared by her attorney, R. E. Robertson, and demurred to the writ, on the ground that the court had no jurisdiction of the person of defendant, and that the writ did not state facts sufficient to constitute a cause of action, or ground for relief, by petitioner against the defendant. The matter was continued until January 8, on which date argument was had as to the sufficiency of the writ and the demurrer thereto was sustained. At the same time there was filed on behalf of Mrs. Peterson a motion to quash the writ and service, for the reason that the writ did not state facts sufficient to warrant the issuance of the writ or entitle the petitioner to any relief. This motion was denied.

On January 8 the defendants McNeil and Tilson appeared specially for such purpose only, and moved to quash the service of the writ on them and the marshal's return and amended return, for the reason that the writ had not been served on them, but only on Mrs. George H. Peterson. This motion was denied, for the reason that the marshal's return did not show that any service had been had upon them, or attempted to be had upon them. Thereupon the question was raised as to the sufficiency of the writ itself by a motion to quash, on the ground that the same did not state concisely any facts showing the obligation of the defendants to perform the duty requested, as required by section 1388, C. L. A. 1913. This motion was granted, for the reason that the writ did not state facts, on the authority of the Supreme Court of Oregon and section 1388, C. L. A. 1913.

The Supreme Court of Oregon, in Elliott v. Oliver, 22 Or. 44, 29 P. 1, says of the writ of mandamus:

"It is a writ which is the foundation of all subsequent proceedings, and which may be demurred to or answered in the same manner as a complaint in equity. It is meant to serve the same purpose as a complaint in other actions, and must state all material facts sufficient to show a claim of right to the relief demanded."

Thereupon the petitioner, on January 10, being the plaintiff, moved for leave to amend the original writ, by stating the facts on which he based his demand for 'relief. This motion was granted, and, at the request of the plaintiff, the return day was set for January 11, 1926. An amended writ was issued by the clerk of the court on January 10, returnable January 11. This writ was served on R. E. Robertson, as attorney for defendants, the same day. On the 11th of January the parties appeared, the defendants Peterson, McNeil, and Tilson appearing by R. E. Robertson, and the plaintiff by his attorney, Wm. L. Paul. The defendants submitted a demurrer to the amended writ on the grounds following: That the court has no jurisdiction of the person of the defendants; that the writ does not state grounds sufficient to constitute a cause of action or cause for relief against the defendants; that there is a defect of parties, in that none of the defendants should be made parties defendant, but that the proper defendant is the Sitka School Board.

Accompanying the demurrer is a verified statement by the defendant's attorney, Mr. Robertson, to the effect that the court has no jurisdiction over the defendants, as no service of the amended writ was made on any of them, but that the only service made was that made on R. E. Robertson as attorney for the defendants, who theretofore appeared and moved to quash the service of the original writ, which was not served on them, but only upon the defendant Peterson, and only after said motion of defendants McNeil and Tilson to quash was overruled did the said Robertson appear and demur on behalf of them and the said Peterson to the original writ, and that the said demurrer was sustained by the court.

Wm. L. Paul, of Ketchikan, for petitioner.
R. E. Robertson, of Juneau, for respondents.

REED, District Judge. I have recited the various proceedings in detail, as it becomes important in determining the question of the jurisdiction of the court of this division over the person of the defendants, and because the record is silent as to the overruling of the demurrer raised by the defendant against the original writ. My recollection corresponds with that of the attorney for the respondents, that upon the denial of the motion of defendants McNeil and Tilson to quash the original writ of

mandamus for want of service on them he, as attorney for all the defendants, demurred to the writ for lack of sufficient statement of facts to show that the petitioner was entitled to any relief.

Returning now to the demurrer to the amended writ, the first ground set forth is that the court has no jurisdiction of the person of defendants. The contention of the respondents seems to be that the jurisdiction of the court is lacking, for the reason that no service of the amended writ was made upon the respondents personally, but only upon their attorney. The point was not argued before the court, nor in the briefs subsequently filed; but, since it is raised, it would be well to give my views thereon. As to the status of the case when the order allowing the amendment to the original writ was granted, it appears, as hereinbefore stated, that the respondents defendants had moved to quash the service of the original writ as to them for want of service, and this motion was denied for the reason stated, that there had been no attempt to make service on them, and that it would be a useless thing to quash what had not been made or attempted to have been made. Service originally was returned as made on Mrs. Peterson individually. It was not returned as made on the school board. In fact, no sufficient service of the writ was ever made on the school board as such, for the reason that our statute (section 878, C. L. A. 1913) provides that service shall be made on the school board by delivery of the process to the clerk of the board.

The return as amended shows that the service of the original writ was made on Mrs. Peterson only as president of the board. Therefore at no time up to the time of the entering of the general demurrer to the original writ did the court have jurisdiction over the board as such, nor of any of the members of the board, except the president thereof, Mrs. Peterson. However, when the defendant entered a general appearance to the original writ by demurring thereto, all the members of the board came under the court's jurisdiction, and the court, having once obtained general jurisdiction over the person of the defendants, will retain it for all purposes. See C. L. A. § 1390; Edwards v. United States, 103 U. S. 471, 26 L. Ed. 314; People v. Barnett, 91 Ill. 422; State v. Jessup & Moore Paper Co., 2 Boyce (Del.) 116, 78 A. 295; Hamlin v. Higgins, 102 Me. 510, 67 A. 625. The court thus having jurisdiction of the person, it had the authority, after the sustaining of the demurrer to the original writ, or the motion

to quash for insufficient allegations therein, which amounts to the same thing, and was authorized, to allow the amendment thereto. Section 1392, C. L. A. 1913; State v. Richardson, 48 Or. 309, 85 P. 225, 8 L. R. A. (N. S.) 362; West Virginia Ry. Co. v. United States (C. C. A.) 134 F. 198; 38 C. J. 634. The amended writ thereupon took the place of the original writ, as an amended complaint takes the place of an original complaint. Under the provisions of our statute, an alternative writ is a mere pleading, and, an amendment thereto being allowable, the amendment was not equivalent to the commencement of a new action. See sections 930 and 1332, C. L. A. 1913; State v. Jessup & Moore Paper Co., supra; Kas v. State, 63 Neb. 581, 88 N. W. 776.

It follows that it was not necessary to serve the amended writ on the defendants personally, as a process in a new action, as they had appeared generally and service on their attorney was sufficient, and the court had jurisdiction of the person of the defendants. Section 930, C. L. A. 1913. The first ground of the demurrer, therefore, in my opinion, is not well taken.

The third ground, that the proper party defendant is the school board as such, and not the several members thereof, is a debatable question. Probably counsel for respondents is correct, in that the school board is a legal entity, and that service of the writ should have been made on the school board as such, and that such service would give the court jurisdiction, if service had been made on the clerk of the school board, as provided by the statute hereinbefore referred to. I have no doubt in that case the parties would be required to come in and appear before the court and answer the writ. However, the question whether service on the individual members of the board, under the allegation that the members constitute the board, is sufficient, is a question on which the authorities are in conflict. In Leavenworth County Commissioners v. Sellew, 99 U. S. 624, 25 L. Ed. 333, an alternative writ was issued against the board of county commissioners of Leavenworth county and the individual members thereof, but a peremptory writ was issued against the corporation, the board of county commissioners alone. Objection was made to the peremptory writ, on the ground that it should have been served on the individual members comprising the board. The court, by Chief Justice Waite, passing upon this objection said:

"As the corporation can only act through its agents, the courts will operate upon the agents through the corporation. When a copy of the

writ which has been ordered is served upon the clerk of the board, it will be served on the corporation, and be equivalent to a command that the persons who may be members of the board shall do what is required. * * * Although the command is in form to the board, it may be enforced against those through whom alone it can be obeyed."

In Mayor of Davenport v. Lord, 9 Wall. 409, 19 L. Ed. 704, where the alternative writ was directed to the mayor and alder- men of the city, objection was made that the writ should have been directed to the city as a body corporate. The objection was dismissed as being without warrant. The question is discussed in 38 C. J. p. 85, as follows:

"In a proceeding to compel performance of a duty upon a munici- pality, the older rule was to name the municipality as respondent by its corporate name, and this has been followed to a limited extent in this country, but the rule deducible from a majority of the modern decisions on the subject is to name as respondent or respondents, that member or those members of the municipal government whose duty it is to perform the acts required of the municipality; where a duty is imposed upon a board as such, in some jurisdictions a proceeding to compel performance may or must be brought and run against the board as such, but in other jurisdictions it has been held that the proceed- ings may or must run against the individual members of the board, and in some jurisdictions it has been held that the proceedings may properly be brought either against the board as such or against the individual members thereof."

The proceedings in this case were brought against the individ- ual members constituting the school board, and service was made only upon one individual of the board. Afterward the other members appeared and demurred, and hence are now before the court. I am of the opinion that it makes little difference, so far as the alternative writ is concerned, whether it was brought against the board as such or the individual members, as they are before the court to answer the alternative writ only. In State v. Byrne, 32 Wash. 270, 73 P. 395, where the county commissioners were brought into court in their individual capacity, the Supreme Court of the state of Washington, where a similar question was raised, said:

"It sufficiently appears from the context of the petition that the respondent sought to bring the appellants into court in their repre- sentative, and not in their individual capacity. Every averment con- necting appellants with the subject-matter related to them as county commissioners, and not as individuals, and the prayer of the petition asked that the writ should issue requiring them, as county commis- sioners, to make the levy."

And for this reason it held that the writ against them as individual members was sufficient. See, also, Cooperrider v. State, 46 Neb. 84, 64 N. W. 372.

I am of the opinion, therefore, that the designation of the individual members of the board is sufficient, and that they are proper parties to the action.

The third and last ground of the demurrer is that the amended writ does not state facts sufficient to afford the plaintiff any relief. The amended writ sets forth that the plaintiff possesses all the qualifications of children entitled to admission and generally admitted into the public school of the Sitka school district; that the plaintiff, through his father, Peter Sing, on or about the 21st day of October, 1926, went to Mrs. George H. Peterson, one of the defendants herein and president of the Sitka school board, and applied in person for admission to the public school of said Sitka school district, whereupon said Mrs. George H. Peterson asked said Peter Sing if the said Henry Sing, the plaintiff herein, had any Indian blood in him, to which inquiry the said Peter Sing answered in the affirmative; that thereupon said Mrs. George H. Peterson informed the said Peter Sing that the matter would have to be placed before the Sitka school board and its answer returned; that within three days the said Mrs. George H. Peterson informed the said Peter Sing that the application of Henry Sing for admission to the public school of the Sitka school district had been placed before the said school board, as above constituted, and that his application had been denied, for the reason that the said Henry Sing is of Indian descent, and hence came within their rule that no children of Indian blood should be allowed to enter the public school within the Sitka school district.

The contention of the petitioner and plaintiff, as set forth in his petition and writ, is, briefly, that he, being born within the territorial limits of the United States, is a citizen thereof; that he was denied admission to the territorial public school because he was of Indian descent; that the Indians of the territory of Alaska are taxed for the support of the territorial public schools; that to deny him admission to such school because of his being of Indian descent would be to deny him the equal protection of the laws, in violation of the Fourth Amendment to the Constitution of the United States. Numerous authorities are cited in support of this contention. See Davenport v. Cloverport (D. C.)

72 F. 689; Claybrook v. Owensboro (D. C.) 16 F. 297; Clark v. Board of Directors, 24 Iowa, 266; State v. Duffy, 7 Nev. 342, 8 Am. Rep. 713; Tape v. Hurley, 66 Cal. 473, 6 P. 129; People v. Alton, 179 Ill. 615, 54 N. E. 421; People v. Detroit Board of Education, 18 Mich. 400.

The defendants respondents, however, contend that the plaintiff is an Indian, and as such that his education under the Nelson Act remains under the control of the Secretary of the Interior (33 Stat. 619, § 7 [48 USCA § 169; U. S. Comp. St. § 3607]); that provision has been made by the Secretary of the Interior for the education of Indians at Sitka by the establishment of a school therein of equal facilities with the territorial public school at that place. It is further emphasized by the defendants respondents that the Fourteenth Amendment to the Federal Constitution, while giving colored citizens rights of equality with those of the white race, does not guarantee the former a community of rights with the latter, and that a state is authorized to establish and maintain separate schools for colored people, provided such schools are on an equal plane with those maintained for the white race. It is admitted, however, that it would be a denial to the colored race of the equal protection of the laws guaranteed by the Fourteenth Amendment if they were excluded entirely from public schools. In support of this contention, the respondents have cited numerous authorities, and it seems to be well settled law, by numerous decisions, that the Fourteenth Amendment to the Constitution of the United States does not guarantee to the colored races a community of rights with the white race, and that it is within the power of the state to establish separate schools for the colored race, but that such schools must be on an equal plane with those maintained for the white race.

Very elaborate briefs have been filed by counsel on both sides, based upon the contention made by the defendants respondents, that the petitioner is an Indian. The alternative writ, however, does not allege that he is an Indian, but that he is of Indian descent, and the alternative writ further alleges that he was denied admission into the public schools because he was of Indian descent. The word "descendant" is a correlative of ancestor, and under the allegations of the writ the petitioner may be of mixed blood, or he may have a modicum of Indian blood, or his ancestor may be remote. The basis of the respondents' argument

is the fact that the petitioner is a full-blood Indian, and thus comes within the provisions of the Nelson Act; that the education of Indians is under the control of the Secretary of the Interior, and that the Secretary of the Interior has provided schools, on an equal plane with those of the territory, for the education of Indians. The petition does not so allege. In fact, the petition seems to indicate that a rule of the school board of the Sitka school district excludes children from such school who have any Indian blood coursing through their veins.

It is further contended. that the court should assume that a school has been established by the Secretary of the Interior within the corporate limits of Sitka for the education of Indians, and that such school affords facilities for education on a plane of equality with that afforded by the Territory for white children. It does not seem to me, under the allegations of the writ, that the court can assume as a fact that the Secretary who has discretionary power to establish schools where he sees fit, has established a school at Sitka affording facilities on an equal plane with that afforded by the Territory for white children. This is a matter of affirmative defense, and the court cannot assume such a fact; nor can the court assume that the petitioner is an Indian such as is contemplated by the Nelson Act aforesaid. For this reason alone, I am of the opinion that the demurrer should be overruled.

Counsel on both sides have elaborately argued the question as to whether a school board would be required to admit an Indian to the public schools of the Territory. This is a very important question, and should be determined by the court; but in the present case the record is such that the court cannot determine that question.

The demurrer will be overruled, and 15 days allowed the respondents to answer.