CLYDE R. CHAPMAN, ATTORNEY GENERAL,

BY INFORMATION, PETITIONER FOR MANDAMUS

*vs.*

ROSCOE W. SNOW ET AL.

Penobscot.     Opinion, March 18, 1937.

*Ross St. Germain,* for petitioner.
*Fellows & Fellows,*
*Mayo & Snare,* for respondents.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

DUNN, C. J.   This petition for mandamus was by the Attorney
General, upon relation of two individuals, to a Justice of the Supe-
rior Court, who granted the alternative writ. See, pertaining to pro-
cedure, *Hamlin, Attorney General* v. *Higgins,* 102 Me., 510, 67 A.,
625 ; *Libby* v. *Water Company,* 125 Me., 144, 131 A., 862.

Then came, in this order, return, answer, issue, hearing, decree,
exceptions, and their certifications. R. S., Chap. 116, Sec. 18 ; *Law-
rence* v. *Richards,* 111 Me., 95, 88 A., 92.

In the bill of exceptions, the first is rested definitely that refusal
to award peremptory writ was a clear abuse of judicial discretion.
*Day* v. *Booth,* 122 Me., 91, 118 A., 899 ; *Libby* v. *Water Company,*
supra. To this, two other exceptions are, as counsel concedes, sub-
ordinate.

On December 24, 1936, the relators were residents of, taxpayers,
and licensed liquor dealers in Hermon.

The eight respondents are all of Hermon. Three are selectmen,
one town clerk, and the remaining four election clerks. They, on
September 14, 1936, exercised public authority, as election officers,
in reference to the state election, at the one polling place in the
town.

The vote on the question, optional biennially with towns: Shall
licenses be granted for the sale of malt liquor? was, — the votes hav-
ing been sorted and counted, — declared and recorded, in open town
meeting: Yes, 165 ; No, 166. P. L. of 1933, Chap. 300, Sec. 17, as
amended by P. L. of 1935, Chap. 157, are relevant statute provi-
sions.

A return of the votes cast, and the ballots, were sent to the Secretary of State. That official guards and accounts for ballots, as a public record. P. L. 1933, *supra*.

The alternative writ commanded the respondents to reconvene, and, for reasons assigned, on taking from the ballots four, of particular identity, which had been counted "No" votes, and including, as a "Yes" vote, a certain ballot which had been rejected, redetermine the voting on the liquor question.

The casting aside of even two votes would affect the election; the result would then be favorable to licensing the sale of malt liquors.

The Judge, after hearing the whole case, ruled, in proceeding to final adjudication, that the authoritative custodian of the ballots was the Secretary of State; more entirely, that the Governor and Council, having examined the ballots, at the instance of the relators, and determined the vote a tie, such finding was, in bearing, decisive. The remedy sought was denied.

A bare suggestion is all that is required to dispose of this case; it need only state that, while the election affects the public, and is in such sense public business, yet a writ of mandamus commanding absolute performance of that which does not appear to be within the power of the respondents, would not be proper.

Ballots, or votes themselves, are evidence of the number of votes cast.

The legislature has enacted that, following elections, ballots shall be promptly delivered to the Secretary of State. It is true, the statutes require the Secretary to produce ballots before courts or magistrates.

There is, on this record, no showing of the ballots being in evidence; for aught to the contrary, they remain in the office of the Secretary of State, where they had been put for preservation, as memorial of something written or done.

Legislative purpose, in safeguarding votes, might be defeated, and voters disfranchised, if ballots, of public record, were available to election officers, on mere request, to alter determination.

It is plain that respondents could not obey peremptory writ, were it issued.

*Exceptions overruled.*