JENNIE HENDERSON *vs.* THOMAS S. HENDERSON.

*When decree for alimony can be reviewed.*

Where a husband obtained a divorce upon his own libel, which contained no mention of his wife's dower or alimony, and no decree was made on that subject, it was *held* that the wife could not review the proceedings so far as alimony and dower were concerned. If any decree can be made as to either while the decree obtained by the husband stands unreversed, it must be upon an independent libel praying for it, filed by the wife.

ON REPORT.

This is a petition for a review of a libel of divorce, so far as the questions of alimony, allowance and dower are concerned. The respondent at the March term, 1874, of this court in this county, entered a libel for divorce against the petitioner for the cause of desertion, and at the September term of the same court a divorce was decreed. Since then, and before this proceeding was commenced, the respondent was married to another person. The petitioner represented that she had no actual notice of the proceedings against her, and that the alleged cause of divorce was not true. She did not seek to overturn the entire decree of divorce, but only so far review the same that she might be able to obtain alimony and dower in the respondent's estate.

The judge reported these facts: "I find that the petitioner had no actual notice of the pendency of the libel against her seasonably for her to defend; although a service by actual notice on her could have been easily had. I find that the respondent then had and now has a certain dowable real estate in this state. I also find the other allegations of fact set forth in the petition to be sufficiently established to entitle her to a review as prayed for,

provided a review can be legally granted upon proof of the facts alleged."

But as a question arose whether or not such a petition is legally maintainable upon the facts alleged, the case was reported to the full court, for such direction, upon the foregoing facts and findings, as may be proper.

*E. F. Pilsbury,* for the petitioner, cited *Rowell* v. *Rowell,* 108 Mass., 314; *Graves* v. *Graves,* Id., 318; *Sheafe* v. *Sheafe,* 24 N. H., 564; *Sheafe* v. *Leighton,* 36 N. H., 240.

*S. S. Chapman* and *H. & W. J. Knowlton* for the respondent.

DANFORTH, J. The original petition is not made a part of the case, but the report shows that it asks "for a review of a libel of divorce, as far as the questions of alimony, allowance and dower are concerned." The divorce was granted upon the libel of the husband, and it appears that no decree whatever as to alimony or allowance was made. The only question submitted is "whether such a petition is legally maintainable upon the facts alleged."

All the power vested in the court for this purpose is found in the statutes. R. S., c. 60, § 9, as amended by the laws of 1874, c. 184, § 3, provides that in certain cases a "new trial may be granted as to alimony or specific sum decreed," &c. Under this provision it may well be doubted whether a new trial can be granted when no decree whatever in relation to the subject has been passed. In such case what is there to be reviewed ? No complaint can well be made of that which has no existence. The statute provides for a review of that which does exist, and which was obtained "through fraud, accident, mistake or misfortune," and not that which never has been obtained by any means. In the absence of any such decree, how can the rights of the wife be affected ? There was no process before the court for an adjudication upon the question of allowance, and none was made. If, then, she ever had any rights in this respect, they are still open to her. If she asks to be heard, no judgment of the court can be

produced in bar of her wishes. It is certainly a safe proposition that a party is not shut out from the courts until a final adjudication upon a proper process pending.

If it is said that the decree of divorce disposes of the petitioner's claim to alimony, even then a review does not help her. If such as she asks is granted the divorce still stands, and the rights of the parties must be settled accordingly. Whatever may have been the effect of that decree when passed, that effect must remain with it so long as it stands.

But the serious difficulty in the petitioner's case is, that under the original libel, she had no right to a hearing upon the question of allowance or dower.

The court, deriving its authority upon this subject solely from the statutes, must be governed by them. We there find no authority for granting alimony to the wife upon a libel in favor of the husband. On the other hand it is limited to a hearing upon a libel in her favor. In *Stilphen* v. *Houdlette*, 60 Maine, 447, it was held that a divorce to the husband was a bar to the wife's dower, though she subsequently obtained a divorce upon her own libel.

. In *Stilphen* v. *Stilphen*, 58 Maine, 515, it is said, in reference to the second divorce, "it is still necessary to enable the court to make a decree, securing to her such portions of the common property as may be deemed reasonable and proper." Again on page 517, "the object of the second divorce is not to enable the delinquent party to marry again, but to enable the court to make such ancillary decrees as justice and humanity may require." The inference from this necessarily is, that the court can grant alimony only upon the divorce upon the wife's libel.

It is true that a different doctrine has prevailed in Massachusetts, and New Hampshire, as well as in some other states. But those decisions rest upon the provisions of their several statutes, which are different from ours, and which clearly provide for the exercise of such authority. The question before us is not whether it may not be expedient that the court should have such authority, but

whether existing statutes have conferred it.   We find they have not, and the entry must be                *Petition dismissed.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS, and LIBBEY, JJ., concurred.