### WASSERMAN v. UNITED STATES et al.

(Circuit Court of Appeals, Eighth Circuit. May 2, 1908.)

No. 2,160.

1. CONTEMPT—ABATEMENT—PROCEEDINGS FOR CIVIL CONTEMPT NOT ABATED BY DEATH.

The defendant in a suit in equity was adjudged to pay a fine, and to be committed until he paid it, for contempt of court in violating a preliminary injunction. He sued out a writ of error and died before a hearing here. *Held*, the proceedings for the contempt were civil, and not criminal, and did not abate by his death.

2. CONTEMPT—CIVIL AND CRIMINAL DEFINED.

Proceedings for contempt are of two classes—criminal or punitive, and civil, remedial, or coercive. The former are conducted to preserve the power and vindicate the dignity of the courts and to punish for disobedience of their orders. The latter are instituted to protect, preserve, and enforce the rights of private parties and to compel obedience of the orders, judgments and decrees of the courts made to enforce the rights and remedies to which the courts have decided that such parties are lawfully entitled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, §§ 1–5.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

See 128 Fed. 770.

David Goldsmith, for plaintiff in error.

George F. McNulty and J. R. Van Slyke, for the United States.

Before SANBORN and HOOK, Circuit Judges.

SANBORN, Circuit Judge. In a suit in equity brought in the court below by the Cleveland, Cincinnati, Chicago & St. Louis Railway Company against Bennett Wasserman and others, to prevent alleged irreparable injury to the complainant's business and property, and to recover damages for injuries already inflicted, a temporary injunction was issued against the defendants, by which they were forbidden to buy, deal in, or sell any signed contract, nontransferable, reduced rate ticket thereafter issued by the railway company. Wasserman disobeyed this injunction, and upon an order to show cause why he should not be attached for contempt of process of the court a judgment was rendered that he was guilty of the contempt charged, and "that, as a punishment therefor, the said Bennett Wasserman be fined in the sum of $500 and the costs of this proceeding, and that in default of the payment of said sums that he be confined in the common jail of the city of St. Louis until the fine and costs are paid, or until the further order of the court." He sued out a writ of error to reverse this judgment. After this writ was issued and before the case was submitted to this court for a hearing, he died. His death has been suggested, and the defendants in error insist that this proceeding has been abated by his death. They cite in support of this position Herrington v. State of Georgia, 53 Ga. 552, O'Sullivan v. People, 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143, State v. Martin, 30 Or. 108, 110, 47 Pac. 196, March v. State, 5 Tex. App. 450, 456, and State v. Ellvin, 51 Kan. 784, 33 Pac. 547, but these cases are all criminal actions in which judgments were rendered in original criminal proceedings for violations of statutes. They are met here by the contention that this is a civil proceeding, and that for this reason it survived the death. In the case In re Nevitt, 117 Fed. 448, 458, 54 C. C. A. 622, 632, this court said:

"Proceedings for contempts are of two classes—those prosecuted to preserve the power and vindicate the dignity of the courts, and to punish for disobedience of their orders, and those instituted to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled. The former are criminal and punitive in their nature, and the government, the courts, and the people are interested in their prosecution. The latter are civil, remedial, and coercive in their nature, and the parties chiefly in interest in their conduct and prosecution are the individuals whose private rights and remedies they were instituted to protect and enforce. Thompson v. Railroad Co., 48 N. J. Eq. 105, 108, 21 Atl. 182; Hendryx v. Fitzpatrick (C. C.) 19 Fed. 810; Ex parte Culliford, 8 Barn. & C. 220; Rex. v. Edwards, 9 Barn. & C. 652; People v. Court of Oyer and Terminer, 101 N. Y. 245, 247, 4 N. E. 259, 54 Am. Rep. 691; Phillips v. Welch, 11 Nev. 187, 190; State v. Knight, 3 S. D. 509, 513, 54 N. W. 412, 44 Am. St. Rep. 809; People v. McKane, 78 Hun, 154, 160, 28 N. Y. Supp. 981; 4 Bl. Comm. 285; 7 Am. & Eng. Enc. Law, 68."

This statement of the law has been quoted with approval by the Supreme Court in Bessette v. W. B. Conkey Co., 194 U. S. 324, 328, 24 Sup. Ct. 665, 48 L. Ed. 997, and by the Supreme Court of Mis-

souri in State v. Bland, 189 Mo. 197, 214, 88 S. W. 28. The judgment challenged by the writ of error in this case is in reality an interlocutory order in a suit in equity. The petition for an attachment which instituted the proceeding for contempt was entitled in the equity suit, and was made by the complainant therein. The order to show cause, the return of the defendant thereto, the judgment for fine and imprisonment, the assignment of errors, and the petition for the writ of error are all entitled in the equity suit. The offense on account of which the fine was imposed consisted in the doing by the deceased of an act which the court below, for the benefit of the complainant, had ordered him not to do, and the judgment for the fine and for the imprisonment until it was paid was in the nature of an execution to compel him to comply with the original order to refrain from selling the tickets there described.

Even if the adjudication had been made in a criminal case, the court below could have issued an execution and have levied it upon the property of the defendant for the purpose of collecting the fine. Rev. St. § 1041 (U. S. Comp. St. 1901, p. 724). But the proceeding in this case was clearly civil, and not criminal, and the judgment for the punishment a mere interlocutory order in a suit in equity (Worden v. Searls, 121 U. S. 14, 25, 7 Sup. Ct. 814, 30 L. Ed. 853; Heinze v. Butte & B. Consol. Min. Co., 129 Fed. 274, 63 C. C. A. 388, 389, 401), and the court below still retained jurisdiction to enforce the collection of the fine by execution, or other process or order. The suit in equity in which this order was made was not an action for injury to the person, but for injury actual and threatened to the property and business of the complainant, and it did not abate with the death of the defendant Wasserman. The interlocutory order in that suit for the payment of the fine and the commitment of the defendant who has died was collectible out of his estate and property, both before and after his death, and his representatives after his decease were therefore interested in prosecuting the writ of error and reversing the judgment if possible. Even if this had been a criminal proceeding, the executors and administrators of the estate would have been liable to its extent to the payment of this fine. Rev. St. § 3468 (U. S. Comp. St. 1901, p. 2314) 3 Williams on Executors (7th Ed.) 240. Inasmuch as the liability of the estate and property of Wasserman to the payment of this judgment continued after that property passed to the hands of his executors or administrators, and inasmuch as that judgment was rendered in a civil and not in a criminal proceeding for a contempt of court, the cause of action survived and the representatives of the estate of the deceased are entitled to prosecute the writ of error in this court to the same extent as was the deceased. Neither the writ of error nor the proceedings for the contempt were abated by the death of Wasserman.