AUGUSTA C. MATHER AND HELEN E. BERRY, Appellants,

*vs.*

EDWARD R. CUNNINGHAM AND ALBERT W. CUNNINGHAM.

Waldo.    Opinion October 31, 1910.

*Costs.    Report to Law Court.    "Case."    Revised Statutes, chapter 79, section 46.*

Where the opinion of the Law Court, on report from the Supreme Judicial Court sitting as a Supreme Court of Probate, is silent upon the question of costs, no costs are allowed to either party.

Revised Statutes, chapter 79, section 46, provides that questions of law arising on reports of cases may come before the Supreme Judicial Court as a court of law. *Held,* that the word "case" is used in its unrestricted sense, as a contested question before a court or Justice, a suit or action, a cause, and the phrase "reports of cases" contemplates a method of submitting questions involving both law and fact, in the most comprehensive manner, to the decision of the court, so that a report of a case under the statute must submit the whole controversy for final decision unless some question is reserved, and hence upon a report without restriction, the Law Court may pass upon the question of costs in a probate case.

On exceptions by plaintiffs.    Overruled.

Appeal from decree of Judge of Probate, Waldo County, appointing an administrator on the estate of Henry H. Cunningham. See *Mather et al.* v. *Cunningham et al.,* 105 Maine, 326, and *Mather et al.* v. *Cunningham et al.,* 106 Maine, 115.

The case is stated in the opinion.

*Littlefield & Littlefield (of the New York Bar) and Arthur S. Littlefield,* for plaintiffs.

*W. Henry White (of the Washington, D. C., Bar) and Dunton & Morse,* for defendants.

SITTING : EMERY, C. J., SAVAGE, PEABODY, SPEAR, KING, JJ.

SPEAR, J.    This case comes up on exceptions by the appellants.
The history of the case is this :   Henry H. Cunningham died in
Shanghai, June 10, 1905.    Albert W. Cunningham was appointed
administrator of his estate by the Probate Court in the County of
Waldo.    An appeal from this appointment was taken and heard at
the April term, 1908, of the Supreme Judicial Court sitting as a
Supreme Court of Probate.    At the conclusion of the evidence the
presiding Justice made this order :    "This case having come on to
be heard by me at the April term of the Supreme Judicial Court in
Waldo County,. I, the undersigned Justice, being of opinion that
questions of law are involved of sufficient importance and doubt to
justify the same and the parties agreeing thereto the same is re-
ported  .  .  .  .  and the Law Court is to determine the rights
of the parties."    It will be here observed that the appellate court
made no decree respecting costs or any other matter presented to it,
but reported every matter upon which it had a right to pass to the
decision of the Law Court.    The Law Court finally disposed of the
case upon the following certificate :

"IT IS NOW ORDERED that the Clerk of said Law Court make upon
the docket under said action, the following entry, and certify the
same to the Clerk of said Court for the County of Waldo, to wit :
Appeal sustained.    Decree of the Court below reversed."

As the opinion was silent upon the question of costs, no costs
were allowed to either party.    *Alvord* v. *Stone,* 78 Maine, 296 ;
*Peabody* v. *Mattocks,* 88 Maine, 167.    The appellants, however,
claim that the question of costs could not be passed upon by the Law
Court in the case as reported, and filed a decree at the April term,
1909, in the Supreme Court of Probate in Waldo County in all
respects in conformity with the opinion of court, with the exception
that it provided for the allowance of one bill of cost for the appellants.
The presiding Justice did not sign the decree.    At the June term,
1909, of the Law Court at Bangor the appellants filed a petition
praying for the recall of the certificate of decision and mandate in
the case, and restoration of the case to the law docket and allowance

of costs.    This petition was dismissed.    At the January term, 1910, of the Supreme Judicial Court for Waldo County the appellants filed a petition praying the sitting Justice to "pass upon said decree in relation to said matters of cost."    The presiding Justice denied the petition and ruled "as a matter of law" that he had "no juris- diction in the matter at that time."    The appellants excepted to this ruling and assert that under the statute, authorizing the report of cases, the Law Court had no authority in the original case to exercise any jurisdiction upon the question of costs.    They contend that an examination of the powers of the Law Court confirms this conclusion.    R. S., chap. 79, sec. 46, provides :    "The following cases only come before the court as a court of law ; cases in which there are motions for new trials upon evidence reported by the justice ; questions of law arising on reports of cases ; bills of exceptions ; agreed statements of facts ; cases civil or criminal, presenting questions of law and questions arising in equity," etc. Their contention is that the report of this case brings it under the second group and submitted to the Law Court only the question of law relating to the issue of domicil; that the authority of the Law Court was confined to determining only the questions of law; and that it "had nothing to do with the question of costs in probate cases."    We think this interpretation too restricted.    There was nothing in the report that qualified a full consideration of the case. The clause of the statute under which the original case was re- ported, in which the question of costs was determined, is expressed in the most comprehensive language.    The word "case" is used in its unrestricted sense.    When used in the statute it had a well established meaning and the legislature is presumed to have under- stood it.    It is defined by reliable authorities as follows :    Words and Phrases, Volume 1, page 985.    "A case is a contested ques- tion before a court or Justice ; a suit or action, a cause.    It is defined by Webster to be a state of facts involving a question for discussion or decision, especially a cause or a suit in court.    The primary meaning of the word according to the lexicographers is cause.    When applied to legal proceedings it imports a state of facts which furnish an occasion for the exercise of the jurisdiction of a

court of justice.    In this, its generic sense, the word includes all cases, special or otherwise." Abbott's Law Dictionary, Vol. 1, page 187. "An action, suit or cause ; a state of facts involving the decision of a question of law or fact." From these definitions it would seem that the phrase "reports of cases" was employed by the legislature as a method of submitting questions, involving both law and fact, in the most comprehensive manner to the decision of the court. The words are used in the statute in their generic or broadest sense and embrace every question of law and fact which the case reported involves. The language of the statute must therefore be held to require a submission of the whole controversy to the Law Court. It consequently becomes immaterial whether the case was a probate appeal, an equity appeal, an agreed statement of facts, or a civil or criminal case presenting a question of law, if reported without any restrictions as to the questions to be decided. The Law Court never assumes to pass upon abstract, or moot, questions of law. It is only when the "question of law" is calculated to settle some controversy that the court entertains it. The report of the case under the statute must submit the whole controversy for final decision unless some question is reserved. This has been repeatedly decided in this State. In *Laforest* v. *Blake Co.*, 100 Maine, 220, our court in commenting upon the method of reporting a case and the ground upon which the court would consider it hold that where the report contained a provision that only a part of the case should be decided it was irregular, saying : "Reports are intended to take up the whole case for the court to make final decisions. It should not come up by instalments . . . . It should have proceeded to a decree upon the merits before the sitting justice and then come here by appeal, or the whole case both law and fact should have been reported."

In *Casualty Company* v. *Granite Company*, 102 Maine, 148, the court declined to entertain a report involving only a question of law and in the opinion say : "Cases cannot thus be sent to the Law Court piece meal, the case to be returned again to the Law Court when and as often as another question may arise." It is further said interlocutory matters "should not be sent to the Law Court

even upon report at the request of the parties, except at such stage of the case, or upon such stipulation, that a decision of the question may, in one alternative at least, dispose of the case itself." Again it is said : "It is evident, that even by agreement of parties, a trial should not be interrupted or postponed in order to obtain the opinion of the Law Court upon such questions at least unless the parties stipulate that the opinion in some alternative shall practically end the case." This rule of practice requiring a final disposal of reported cases is too well established to require further citation.

Under this construction of the statute, authorizing the report of a case by agreement of the parties to the Law Court, the various statutes cited by the appellants do not apply. The purpose of the report is to eliminate the intervening statutory proceedings in probate appeals, and to pass up directly to the Law Court the whole controversy for final decision.

In the case at bar the parties by agreement reported the whole case without restrictions or qualifications. Every question of law and fact that could possibly arise, from the evidence and agreed statements reported, was fully before the court. It would therefore appear to have been the duty of the court to decide the whole case or dismiss the report without having decided any of it. The certificate of decision in the original case must be regarded as final and conclusive of all questions of law and fact including the question of costs.

*Exceptions overruled.*