EDWARD L. CHENEY *vs.* HORACE G. RICHARDS.

Aroostook.     Opinion June 16, 1931.

*A. S. Crawford, Jr.,* for complainant.
*Cook, Hutchinson, Pierce & Connell,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.    On report. The sole issue presented by the record and which this court is required to decide is whether or not defendant failed to comply with the terms of a decree in equity ordering him to make a conveyance of certain real estate to plaintiff and because of such non-compliance is guilty of contempt.

The controversy arose from the following state of facts. Plaintiff brought a bill in equity to compel specific performance of an oral contract to convey certain real estate of which defendant held legal title and plaintiff was in possession. The parties disagreed as to the conditions of the contract. After full hearing, the court below sustained the bill and decreed that conveyance be made as prayed for, provided that the plaintiff within a definite time deposited in court for the benefit of the defendant a stated sum of money.

One question involved in the proceedings was whether or not certain notes held by defendant, of which plaintiff was maker, should be included in the accounting. The presiding Justice found that these notes were in no way related to the contract in question and did not consider them in computing the amount due.

The decree was filed April 15, 1930, and the paragraph ordering the conveyance read as follows:

"The said Horace G. Richards be and hereby is ordered to convey to the plaintiff, Edward L. Cheney, the Cheney farm, so-called, situated in Mars Hill, in this county, as fully described in Paragraph 1 of the bill herein, with the buildings thereon, by a good and sufficient quit-claim deed, with covenant against the lawful claims and demands of all persons claiming by, through, or under the defendant, within sixty days from the date of this decree: provided that before said deed is delivered and conveyance made, and within said period, said Edward L. Cheney shall have deposited in this court, to be paid to said Horace G. Richards, the sum of fifteen hundred and six dollars and seventy-nine cents, together with interest at six per cent on said sum from April 13th, 1930 to date of such delivery of said deed, less the said plaintiff's taxable costs; as by said decree may more fully appear."

Plaintiff deposited the amount fixed by the decree. Defendant deposited his deed; but before doing so, he had brought suit against plaintiff on the notes referred to and had made a general attachment of plaintiff's real estate. Because of this, he inserted in his deed the following paragraph:

"Excepting and reserving however from this conveyance all that interest in said premises, acquired by said grantor under and by virtue of an attachment of the real estate of said grantee made by said grantor on the third day of May A.D. 1930 upon a writ returnable before the Superior Court at the term thereof to be held at Caribou in said County of Aroostook on the 2nd Tuesday of September A. D. 1930."

Plaintiff refused to accept the deed, claiming that it was not in accordance with the decree, and, defendant refusing to modify it, a petition was filed requesting the court to issue an order for defendant to appear and show cause why he should not be adjudged in contempt. Order issued and the matter was proceeding to hearing when it was agreed that the case should be reported to this court.

Under the provisions of Sec. 9, Chap. 91, R. S. 1930, the Supreme Judicial Court, sitting as a Law Court, has jurisdiction of cases involving "questions of law arising on reports of cases."

Sec. 56, Chap. 91, R. S. 1930, provides that, "Upon a hearing on any cause in equity, the Justice hearing the same may report the cause to the next term of the Law Court if he is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same and the parties agree thereto. The cause shall be heard and decided by the said Law Court in like manner and with like result as herein provided in case of appeals."

The first question confronting us is one of jurisdiction. The authority of this court, sitting as a Law Court, is limited by the statutes and it is by virtue of the above quoted enactments that the questions involved in the matter now before us may be considered, if at all.

Discussing these provisions, our court in *Mather* v. *Cunningham*, 107 Me., 242, regarded the word "case" or "cause" as used in its unrestricted sense and says that the term "when applied to legal proceedings imports a state of facts which furnish an occasion for the exercise of the jurisdiction of a court of justice," adding that "the phrase, 'reports of cases,' was employed by the legislature as a method of submitting questions involving both law and facts in the most comprehensive manner to the decision of the court.

It consequently becomes immaterial whether the case was a probate appeal, an equity appeal, an agreed statement of facts, or a civil or criminal case presenting a question of law, if reported without any restrictions as to the questions to be decided."

A slight verbal correction in the above statement might be made in the interest of exact accuracy. "Causes in equity," not "equity appeals," come before us on report. Such causes may come before us on appeal or on report. One method of bringing them forward should not be confused with the other.

"Case" and "cause" are synonymous terms. Unless the problem here presented may properly be designated a "case" or "cause," it lies without the jurisdiction of this court.

"These words when used as legal terms are generally understood as meaning a judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected or wrongs are prevented or redressed." Ex parte Chesser (Fla.), 112 So., 87.

"Any question, civil or criminal, contested before a court of justice, is a cause or case." *Blyew* v. *U. S.*, 80 U. S. (13 Wall.), 581.

Case is synonymous with cause and means any question, civil or criminal, contested before a court of justice. In proceedings for contempts or failure to obey orders or writs of the court, the parties have a right to be heard and to clear themselves of the charge of contempt if they can. Such a proceeding is commenced by a regular process of the court and there is a question to be contested and decided. *Erwin* v. *U. S.*, 37 Fed., 470 ; *Baldwin* v. *Miles*, 58 Conn., 496.

Assuming that a case is here presented, one more requisite is necessary to bring it within jurisdictional limits. Cases should not be sent to the Law Court, even upon report at the request of the parties, except at such stage of the proceedings that a decision of the question may dispose of the case itself, unless the report contains a stipulation which provides that the decision may, in at least one alternative, supersede further proceedings. "Reports are intended to take up the whole case for the Court to make final decision. It should not come up by installments. It should have proceeded to a decree upon the merits before the sitting justice and

then come here by appeal, or the whole case, both law and fact, should have been reported." *LaForest* v. *Blake Co.*, 100 Me., 220; *Casualty Co.* v. *Granite Co.*, 102 Me., 148.

The issue presented here was not involved in the decision of the cause in equity. It related only to the enforcement of the decree therein. The time has passed for an appeal from that decree and this court has no power to disturb it nor is it requested to do so.

Proceedings for contempt, based upon disobedience to a decree, are independent and separate from the original suit. *Hayes* v. *Fischer*, 102 U. S., 122. To the same effect is the reasoning in *State ex rel Edwards* v. *Davis* (N. D.), 51 N. W., 942; and *Gale* v. *Water Co.* (Cal), 145 Pac., 532, states that "A contempt proceeding, though arising in a case in equity based on the violation of an injunction, is an independent proceeding."

Generally speaking, "the sole adjudication of contempt belongs exclusively and without interference to each respective court." Ex parte Kearney, 7 Wheat, 38. Every court is the exclusive judge of a contempt committed in its presence or against its process and the exercise of such power by a court of competent jurisdiction can not be reviewed. *Ex parte Hardy*, 68 Ala., 308; *First Congregational Church* v. *Muscatine*, 2 Iowa, 69; *Ex parte Holman*, 5 Am. Rep., 159.

Contempts of court are of two kinds. Those committed in the presence of the court by insulting language or acts interrupting the proceedings may be summarily punished by the presiding Judge after such hearing as he may deem just and necessary. Such are known as criminal contempts.

There is another class of contempts known as civil contempts which are in a sense constructive and arise from matters not transpiring in court but in reference to failures to comply with the orders and decrees issued by the court and to be performed elsewhere. Such refusals or failures are undoubtedly contempts as actual as those committed in open court and liable to be punished under the same law; but the process to bring parties into court and the time given for a hearing by our rules are different from the summary process in case of criminal contempt. *Androscoggin & Kennebec R. R. Co.* v. *Androscoggin R. R. Co. et als*, 49 Me., 392; *in re Nevitt*, 117 Fed., 448; *Wasserman* v. *U. S.*, 161 Fed., 722.

"A civil contempt is one in which the conduct constituting the contempt is directed against some civil right of the opposing party, as where an injunction is disregarded or some act required by the court for the benefit of the other party should be neglected. In cases of contempts of this sort, the proceeding for its punishment is at the instance of the party interested and is civil in character." *Welch* v. *Barber*, 52 Conn., 156. In many jurisdictions, the judgment of a lower court in cases involving civil contempt is by statute made subject to appeal, but under the laws of this state, such a judgment by a court of competent jurisdiction is final on the parties.

Sec. 67, Chap. 91, R. S. 1930, provides that whenever a decree or order of the court which is not for the payment of money only has been disregarded or disobeyed by any person, summary process shall issue, requiring such person to appear and show cause why he should not be adjudged guilty of contempt, and if found guilty may be punished by fine or imprisonment.

"No appeal lies from any order or decree for such punishment, nor shall exceptions thereto be allowed save upon questions of jurisdiction."

In the instant case, the appellate court is not requested to review the finding of a single Justice at the instance of a litigant. The court below made no finding in this case. Had that been done, it could not be disturbed. The matter is not before us on exceptions, appeal or writ of error. It was not brought here by a party aggrieved by the decision of the tribunal before which hearing had been had. It is here by the act of the presiding Justice himself, the parties having acquiesced.

A complete and independent case is presented and one which has reached a stage where final decision is possible. The statute which specifically denies the right of a party to question the findings below on appeal or exceptions does not deny the right of the judge, with the consent of the parties, to report the case.

On the contrary, the broad construction of the statute in *Mather* v. *Cunningham*, supra, gives the right to report any case, civil or criminal, arising in law or equity or in the probate courts. In view of these various considerations, it would appear that this court has jurisdictional right to act in the premises. We come,

therefore, to a consideration of the issue submitted for our decision, namely the question of whether or not defendant, by the deed tendered, complied with the decree in the equity case.

We hold that he has so complied. The exception in the deed related to an alleged interest in the property which defendant claimed to have acquired subsequent to the date of the decree. Obviously the decree did not, and was not intended to, embrace after acquired property. The fact that the interest so claimed was based on an attachment does not affect the situation. It stands on the same basis as though it had resulted from purchase or inheritance. Nor is it affected by the further fact that the debt sought to be secured by the attachment was evidenced by notes which defendant claimed should have been considered in the equity case. The court below ruled that these notes could not be so considered, but this in no way affected defendant's right to recover on them in an independent action, provided plaintiff was legally liable thereon; and in a suit brought to collect them, defendant had an undoubted right to attach any property interest of plaintiff which might be attached by any creditor.

Plaintiff argues that he had no attachable interest in the real estate at the time defendant undertook to attach the same and that the acceptance by him of a deed containing the exception noted might affect his right to raise that issue in possible future proceedings.

We can not here decide whether or not defendant by his attachment acquired an interest in the property. That question is not properly before us. But plaintiff's right to contest the point at the proper time will not be prejudiced by his acceptance of the deed. While the wording of the exception is somewhat inexact, its intent and meaning is sufficiently clear so that it can only be construed to include the interest, if any, which defendant acquired by his attachment and if no interest was so acquired, nothing is excepted.

Decree in equity may be fully satisfied by defendant's accepting the money deposited by plaintiff and plaintiff's accepting the deed tendered by defendant.

*Petition dismissed.*