CHARLOTTE B. WEBBER

*vs.*

PHYLLIS L. BRUNK

(FORMERLY PHYLLIS L. WEBBER)

Penobscot.   Opinion, December 17, 1951.

*Oscar Walker,* for plaintiff.

*Michael Pilot,*

*Gerard P. Collins,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.  FELLOWS, J. does not concur.

THAXTER, J.    This controversy comes before us from the Supreme Judicial Court of Penobscot County, having been reported under and by virtue of Sec. 24, Chap. 95, R. S., 1944.

The record includes the bill in equity, the answer, the replication and the evidence, both oral and documentary, and we have heretofore held that a case or cause so reported was what the Legislature intended for a method of submitting questions involving both law and fact in the most comprehensive manner to the decision of the court.   See *Mather* v. *Cunningham,* 107 Me. 242, 78 A. 102, and *Cheney* v. *Richards,* 130 Me. 288, 290, 155 A. 642.

The bill, answer and proof disclose that at the November, 1947, Term of the Superior Court for Penobscot County a divorce was decreed to Phyllis L. Brunk (formerly Phyllis L. Webber), the defendant in the instant case, from Hartson C. Webber. By the terms of the decree of divorce custody of two minor children was given to the defendant and said Hartson C. Webber was ordered to pay $35.00 a week for their support. The date of the divorce decree was November 21, 1947, and on that date said Hartson C. Webber gave to the defendant a second mortgage on certain real estate in Dexter, Maine, the conditions of said mortgage providing (1) that if said Hartson C. Webber shall comply with the order of the Superior Court for Penobscot County and pay to said defendant the sum of $35.00 per week for the support of his minor children, or provided alternatively (2) that if the said Hartson C. Webber, in substitution for said second mortgage, deposited with said defendant or with such other person as may be approved by said defendant, or by the legal guardian of said minor children, the sum of $1500.00 in cash or other security in form and amount approved by the defendant or by the legal guardian, then in that event, the mortgage deed would be void. In other words, said Hartson C. Webber could fulfill the terms of the mortgage in two ways, one by making the payments ordered under the divorce decree for the support of his minor children or he could deposit cash or other security with the defendant or legal guardian of the minor children in the amount of $1500.00 and thus fulfill the terms and conditions of the mortgage in which case said Hartson C. Webber or those claiming under him would be entitled to a discharge of said second mortgage.

On July 15, 1950, said Hartson C. Webber transferred his equity in the mortgaged premises to his sister, Charlotte B. Webber, the plaintiff in this action. From the evidence it appears that said Hartson C. Webber was in default in his weekly payments for the support of his minor children and

on August 16, 1950, he was arrested on an execution and committed to the Penobscot County jail where he remained until October 20, 1950. On that date there was a hearing in the Superior Court involving the release of said Hartson C. Webber and with respect to the original decree of divorce and according to the decree of the Superior Court it appears that as of the date of hearing the arrearages amounted to approximately $1,000.00. The decree recites that by agreement of counsel this sum was compromised for $500.00. The decree also ordered the alteration and amendment to the original decree of divorce reducing the weekly payments from $35.00 a week to $20.00 a week and that by agreement of counsel payments at the rate of $20.00 a week for a future period of fifty weeks be made and paid forthwith. The decree also provided that payments were to continue at the rate of $20.00 a week subsequent to the fifty week period and until further order of court and, lastly, the decree provided that when the foregoing payment of $1500.00 had been made the said Hartson C. Webber shall be released from the custody of Penobscot County jail. It should also be noted that counsel had agreed to all provisions above recited. The evidence shows that the sum of $1500.00 was paid by the plaintiff and that a receipt was given which receipt reads as follows:

"Received of Oscar Walker, Attorney for Hartson C. Webber, per Charlotte B. Webber, fifteen hundred dollars ($1500.00) in compliance with Court Order.

Re: Hartson C. Webber vs. Phyllis L. Brunk (formerly Phyllis L. Webber.

Hearing held before Justice G. C. Gray, this 20th day of October 1950.

Gerard P. Collins

Attorney for Phyllis L. Brunk"

There is nothing in the decree of the Superior Court nor in the receipt which makes any reference to said second mortgage or that the payment was made in substitution of the mortgage. The plaintiff in this case, in her bill in equity which is brought under the provisions of Sec. 16, Chap. 163, R. S., 1944, seeks a decree compelling the defendant to discharge the second mortgage, claiming that the payment of $1500.00 made by the plaintiff was made in substitution of the mortgage and in accordance with its terms heretofore set forth and referred to. The defendant by oral evidence and by documentary evidence, particularly the receipt set forth above, denies that payment of said second mortgage was ever mentioned in the negotiations which led up to the payment of $1500.00 ordered by the Superior Court.

This is the factual situation that now confronts us from the record. The burden of proof, as in all cases, is on the plaintiff to support her bill of complaint by full, clear and convincing evidence. That burden we hold has not been sustained. We said in *Fall* v. *Fall et al.,* 107 Me. 539, 81 A. 865, and also in *Flagg* v. *Davis,* 147 Me. 71, 83 A. (2nd) 319, in speaking of bills in equity and the necessity of sustaining the allegations therein by convincing evidence:

> "we are of the opinion that complainant does not support his bill of complaint by full, clear, and convincing evidence. The conscience of the court is not satisfied that its allegations are sustained - - - -."

That language applies, in our opinion, to the record in this case. It follows that the mandate will be

*Bill dismissed.*

Fellows, J., does not concur.