GRACE ARLENE BURTON, COMPLT.
*vs.*
CLIFFORD THOMPSON

Hancock.    Opinion, March 15, 1952.

*Blaisdell & Blaisdell,* for plaintiff.

*Herbert T. Silsby II,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J. On report with agreed statement of facts. In this bastardy action the respondent moved that the court order the complainant, her child, and the respondent, to submit to blood grouping tests to determine whether or not paternity of the respondent could be excluded, as provided in R. S., Chap. 153, Sec. 34.

The complainant's child was born alive on December 15, 1950 but lived only twelve hours. At the April 1951 term of the Superior Court when the bastardy action was entered, the respondent filed the motion to which we have referred. The complainant seasonably objected to the allowance of the motion on the ground that "as a matter of law the motion filed must be denied by the court as the complainant now has no child." Counsel agreed that the case should be "submitted to the Law Court for ruling and opinion as to any and all questions of law involved; to be remanded for disposition of the motion by the court or any justice thereof in vacation in accordance with the opinion of the Law Court and for further proceedings in the case in the usual course." The case was then reported by the presiding justice to the "Supreme Judicial Court as a Court of Law with full authority to decide any and all questions involved, as matters of law."

The case is not in order for decision on report. It falls within the rule stated by the court in *Casualty Company* v. *Granite Company,* 102 Me. 148, at page 152, 66 A. 314, as follows:

> "The Law Court cannot be required and indeed has no jurisdiction to decide, prematurely, interlocutory questions which the subsequent proceedings in the case may show to be wholly immaterial, unless, as already stated, the parties stipulate that the decision may, in one alternative at least, supersede further proceedings."

It is apparent that final disposition of the case at bar does not turn upon the allowance or denial of the motion. See also *Mather* v. *Cunningham,* 107 Me. 242, 78 A. 102; *Libby* v. *Water Co.,* 125 Me. 144, 131 A. 862; *Cheney* v. *Richards,* 130 Me. 288, 155 A. 642; *Rogers* v. *Brown,* 134 Me. 88, 181 A. 667; and *Associated Fish Products Co.* v. *Hussey,* 145 Me. 388, 71 A. (2nd) 519.

Although no decision is appropriate under the rule stated, we do not hesitate to point out that "child" under the blood grouping test statute means a living person. Could a dead child be ordered to submit to the tests? We think not.

The entry will be

*Report discharged.*

*Case dismissed from the law docket.*