William A. REVILLE

v.

Eleanor M. REVILLE.

Supreme Judicial Court of Maine.

April 12, 1972.

Daviau & Geller, by Jerome G. Daviau, Waterville, for plaintiff.

Marden, Dubord, Bernier & Chandler, by Donald H. Marden, Waterville, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

WERNICK, Justice.

Plaintiff, William A. Reville, on July 29, 1970, instituted a proceeding for divorce in the District Court of District Seven, Division of Northern Kennebec. Defendant filed a counter-claim for divorce but subsequently declined to press it. After hearing on plaintiff's complaint, on October 23, 1970 the Court adjudicated a divorce in favor of plaintiff on the ground of defendant's "gross and confirmed habits of intoxication from the use of intoxicating liquors." 19 M.R.S.A. § 691.

Since there was absent any consent by the plaintiff to whom the divorce had been granted for the payment to defendant of support or permanent alimony, defendant was deprived of an award of such support or permanent alimony. 19 M.R.S.A. § 721; Henderson v. Henderson, 64 Me. 419 (1875); Stratton v. Stratton, 77 Me. 373 (1885); Luques v. Luques, 127 Me. 356, 143 A. 263 (1928); and Wilson v. Wilson, 140 Me. 250, 36 A.2d 774 (1944).

Defendant appealed from the District Court judgment to the Superior Court in which—under subdivision (c) of Rule 73, of the Maine District Court Civil Rules—an appeal in a domestic relations action is subject to the provisions of subdivision (a) of said Rule 73 limiting review to questions of law only and

"[a]ny findings of fact of the District Court shall not be set aside unless clearly erroneous."

Pursuant to its power under aforesaid Rule 73(c) the Superior Court affirmed, in whole, the judgment of the District Court.

Defendant appealed from the judgment of the Superior Court to this Court.

As her sole ground of appeal to this Court defendant makes the following contention. She says that the evidence before the District Court, as brought forward into the Superior Court, provides "reasonable ground to believe" that the defendant was the victim of a *disease,* identifiable as the disease of "alcoholism". On this basis, defendant maintains that the application to the facts of this case of the statutory ground of divorce, "gross and confirmed habits of intoxication from the use of intoxicating liquors", is an unconstitutional *application* of the statute. The application

is said to be in violation of the due process clause of the Fourteenth Amendment of the Federal Constitution because it adjudicates a *disease*—a condition over which, once it has supervened, defendant lacks power of control by her will—as the basis for depriving defendant not only of her status as a married woman but also of her property rights in the form of continuing support or permanent alimony as payable by the plaintiff (regardless of the continuance or cessation of the marital status).

This claim of an unconstitutional application of 19 M.R.S.A. § 691—in conjunction with 19 M.R.S.A. § 721 and the judicial decisions thereunder declaring the Court's lack of power to award permanent alimony to a woman *without the consent of her husband* who has been awarded a divorce upon the grounds of her "gross and confirmed habits of intoxication from the use of intoxicating liquors"—has been raised for the *first time* in the appeal to this Court.

The constitutional issue was not raised in the District Court. The District Court, therefore, had not been alerted to the need that it make appropriate findings of fact on critical aspects of the issue; and no such findings were made as a part of the record in the District Court.

Furthermore, the constitutional issue was not raised in the appeal to the Superior Court to alert the Justice in the Superior Court to the need for appropriate factual findings such that he might have seen fit to remit the case to the District Court for further proceedings to allow critical findings of fact—pursuant to his powers under Rule 73(c) of the Maine District Court Civil Rules.

For this reason, the constitutional issue which defendant seeks to raise before this Court must be held to be foreclosed to defendant, and the appeal must be denied.

■ The general rule governing proper appellate procedure is that a party who seeks to raise an issue for the first time at the appellate level is held, in legal effect, to have "waived" the issue insofar as he utilizes it to attack a judgment already entered and from which an appeal is taken; therefore, appellate review will be denied to such question. Frost v. Lucey, Me., 231 A.2d 441 (1967). This principle is controlling notwithstanding that the issue pertains to an alleged violation of the Constitution of the United States. Younie v. State, Me., 281 A.2d 446 (1971).

One of the primary policy reasons underlying this principle of appropriate appellate practice is the objective to ensure that there shall be

"at the trial level, . . . opportunity . . . for proper determination of the action desired" Frost v. Lucey, *supra*, 231 A.2d at p. 445,

thereby to avoid the above mentioned deficiency confronting us in the present record.

Here it is without consequence that the trial Court would most probably have refrained from making a conscientious decision on constitutionality—pursuant to the policy frequently emphasized in Maine that it is the better practice, generally, on constitutional issues for the trial Court to refrain from pronouncing a statute unconstitutional either on its face or as applied (when the conclusion of unconstitutionality is not indisputably clear) and to leave such decision to the appellate tribunal. The operation of the foregoing policy pertains to those aspects of a trial Court decision concerned with the formulation of the ultimate *conclusions of law;* it is without bearing upon the function of the trial Court to make such appropriate subsidiary *findings of fact* as must underlie the undertaking to have the issue of law (in the form of an alleged constitutional violation) precipitated.

The circumstances of defendant's attempt to raise before this reviewing Court an ultimate issue of constitutional *law* by presenting to this Court a record lacking in the necessary underlying findings of

*fact,*—(and which the trial Court would have had opportunity to have made had the constitutional issue been raised by the defendant either in the District Court or Superior Court)—illustrate the wisdom of the general principle which precludes consideration of an issue raised for the first time in the appellate tribunal as a basis for overturning a judgment entered at the trial level.

The critical premises of defendant's postured attack on the judgment which has been entered against her at the trial level are that (1) there is *in fact* a recognizable disease which manifests itself in an uncontrollable need for alcohol, and (2) defendant *in fact* suffered from this disease. Until these facts have been first established by appropriate evidence and found by the proper tribunal, it remains only an academic abstract theory that it might violate due process of law to apply a general statutory ground of divorce, "gross and confirmed habits of intoxication from the use of intoxicating liquors", to the situation of defendant—thus to have a disease become the basis of a divorce to the husband with consequent loss to defendant of permanent alimony or support rights.

■ A court, created to exercise judicial power (except as otherwise constitutionally authorized or required) is unauthorized to offer advisory opinions; it is limited to deciding only those issues which are live in an actual case or controversy and will dispose of it (at least in one aspect). See: Mather v. Cunningham, 107 Me. 242, 245, 78 A. 102 (1910); Cheney v. Richards, 130 Me. 288, 291, 155 A. 642 (1931).

■ Hence, because defendant (1) has brought before this Court a judgment al-

ready entered which defendant seeks to have reviewed by appeal—a reviewing process in which this Court may decide *only questions of law,*[1] and (2) has omitted to raise at the fact-finding level—i. e., the trial level, the issues of *fact* which are subsidiarily necessary to allow the ultimate issue of law to be crystallized, defendant must be held to have failed to raise a question which can properly be decided in this proceeding. The defendant's omission to take the necessary steps to provide the factual basis upon which alone the issue, as raised, can be decided in the type of proceeding now before the Court, combined with the need of this Court to avoid producing an advisory opinion upon an abstract proposition, require a denial of consideration of a constitutional issue raised for the first time on appeal.

The entry is:

Appeal denied.

All Justices concurring.

---

1. For purposes of clarity, we mention the need to distinguish this Court's statutory authority to review by appeal a judgment already entered from the separate and independent situation in which in a proceeding upon *Report,* (and in which no judgment is under review) the Law Court is empowered to have both questions of fact and law submitted to it for decision. Rule 72 M.R.C.P.; Cheney v. Richards, supra, and Mather v. Cunningham, supra. Reference is also made to 2 Field, McKusick and Wroth, Maine Civil Practice 2d, § 72.5 and the statement there made: "The report can be on a record made before the trial judge . . . . On report questions of both law and fact are submitted to the Law Court."