**STATE of Maine**

v.

**Richard DeCESERE.**

Supreme Judicial Court of Maine.

Dec. 2, 1977.

---

David M. Cox, Dist. Atty., John A. Woodcock, Jr. (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Ford & Hall by Richard W. Hall (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

In a jury-waived trial in Superior Court in Penobscot County the Defendant was convicted of disorderly conduct. The complaint charged him with having insulted a Bangor police officer in a private place with certain offensive words "which had a direct tendency to cause a violent response" in the police officer, and which "would have a tendency to cause such a violent response by an ordinary person in the situation of" that police officer.

The vulgarities were expressly pleaded.

The State asserts that such conduct was a violation of 17-A M.R.S.A. § 501.

The Defendant, appealing from his conviction, presses two arguments. First, he asserts that this statute is fatally overbroad under the provisions of the federal and state constitutions which protect the individual's right of free speech. Secondly, he challenges this statute as violative of the equal protection clause of the federal constitution in that it proscribes conduct on the part of some which may be permitted on the part of others.

We deny the appeal.

■ In the trial court the Defendant challenged the statute only for vagueness, which challenge he has abandoned on appeal. In the trial court he did not assert that the statute was impermissibly overbroad, nor did he claim that his speech was constitutionally protected. The Defendant cannot now be heard to assert those points on appeal.

■ We apply the general rule that a party who seeks to raise an issue for the first time at the appellate level is held, in legal effect, to have waived the issue insofar as he utilizes it to attack a judgment entered in the trial court. *Reville v. Reville,* Me., 289 A.2d 695, 697 (1972); *State v. Strollo,* Me., 370 A.2d 675, 678 (1977). This rule is controlling even when, as here, the belatedly raised issues allege violations of state and federal constitutions. *State v. Mann,* Me., 361 A.2d 897, 904 (1976).

The issues raised on this appeal are, therefore, foreclosed to the Defendant.

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ., concur.