Clarence and Marjorie **HARRINGTON**

v.

**INHABITANTS OF the TOWN OF GARLAND.**

Supreme Judicial Court of Maine.

Jan. 12, 1978.

Bernard R. Cratty (orally), Waterville, for plaintiff.

Rudman, Rudman & Carter by Lawrence E. Merrill (orally), Bangor, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

This seasonably filed appeal follows a Superior Court judgment entered against appellants Clarence and Marjorie Harrington on their action to quiet title to realty. (14 M.R.S.A. § 6655). Judgment was also entered in favor of the Town of Garland on its counterclaim, under 36 M.R.S.A. § 946, to establish the validity of its title in the same realty by virtue of its matured tax liens.

We deny the appeal.

From the record below it appears that appellants acquired two parcels of land in the Town of Garland in 1958 and shortly thereafter sold major portions of both. In 1969 the Town of Garland levied taxes against the remaining acreage and subsequently filed tax liens. In 1971 appellant Clarence Harrington became interested in purchasing an unrelated tax-acquired property from the Town and entered into negotiations with the Board of Selectmen. Appellant, under an oral agreement, paid fourteen hundred dollars over to the Board, apparently believing that this amount not only covered the purchase price of the new property but would be used to discharge the liens on his other property. The money, however, was not applied against the liens, which continued in effect.

Approximately one year after the sale, appellant received the deeds for the new property. It was only at this point, appellant claims, that he realized that the liens had not been discharged. Appellant then offered to discharge the liens. While the testimony here is confusing, it appears that the liens had already ripened into title and the Town would not accept his tender of funds to discharge the liens.

At some point during the course of these events, appellant entered into an agreement with a third party to sell this disputed property. Upon discovering the difficulty with the liens, appellant instituted this action to quiet title. Presumably, in order to protect himself from any possible suit for breach of warranty, appellant sought to remove clouds not only from the property he had kept, but also from those portions of the property he had conveyed out in 1958

which were not subject to the tax liens. The action, therefore, was not limited to contesting the tax liens but was also designed to protect the entire property from any possible claims by the heirs of those who had owned the property prior to 1958. Judgment against these heirs was entered by default and is not at issue in this appeal.

■■■ One essential prerequisite to bringing an action to quiet title is that the plaintiff must establish that he has been "in uninterrupted possession of the land described in the complaint for 4 years or more, claiming an estate of freehold therein." 14 M.R.S.A. § 6655; See Davis v. Davis, Me., 255 A.2d 903 (1969). While appellants alleged uninterrupted possession for four years in their complaint, the allegations were denied by the Town. Appellants later failed to introduce any testimony at all concerning their possession. In fact, Clarence Harrington admitted conveying out most of the property in 1958, thereby admitting he was not in possession of parts of the property on which he was trying to remove clouds. The only other evidence relating to this issue was the testimony of Clarence Harrington that he "owned" the disputed properties and a stipulation that the entire property had been acquired in 1958 by warranty deed. The evidence is clearly insufficient to make out a case of uninterrupted possession. Having failed to make out an essential element of proof in their case, appellants were clearly not entitled to a judgment in their favor on their complaint.

A number of issues raised on appeal may be construed as relating to the counterclaim and will be considered briefly. One of appellants' contentions is that the Town of Garland sought equitable relief in its counterclaim and must therefore abide by various equitable maxims. Appellants claim that the Town failed to "do equity" when it failed to advise appellants how the fourteen hundred dollars were actually apportioned. Further, the tax collector should have discharged the liens out of the money. Appellants also contend that the Town should have dealt with both appellants, rather than

with Clarence only. Various other contentions along this line are also made. No authority is cited, however, showing any duty in the Town to act otherwise than it did, nor do we find such authority on our own.

■ The Town contends that this particular point was not raised in appellants' points on appeal and should be deemed waived. We disagree. Appellants stated one point of appeal to be the failure of the trial court to apply equitable principles to this action. We construe this statement to give that fair disclosure of appellants' contentions which is required by M.R.Civ.P. 74(d). Appellants fail to demonstrate, however, that equity has not been done.

■ Appellants also assert error in the final judgment form prepared by the Town at the direction of the justice below. The judgment form used the same descriptions of the properties as were used in the liens themselves. These descriptions were then supplemented by a metes and bounds description. Appellants claim that this supplemental description is unsupported by any evidence introduced in the case. While this issue was raised in the statement of issues in the brief, it was not argued, either in the brief or at oral argument. The issue is therefore deemed waived. *MacArthur v. Dead River Company*, Me., 312 A.2d 745, 746 (1973).

■■ After judgment was entered below, appellants timely moved for a new trial, alleging that the Town had presented a receipt in evidence not listed in its pretrial memo and that appellants had discovered new evidence to "rebut" the receipt. It should first be noted that while appellants objected initially to the introduction of the receipt, they later introduced it in evidence themselves. They should not, therefore, be allowed to complain of the effect, if any, of the receipt on the case. The motion also failed to allege facts essential to the granting of such a motion, such as the fact that the new evidence would change the result upon a new trial, or that the evidence could not have been discovered

before by the exercise of due diligence, or that the evidence is material, or that it is not merely cumulative or impeaching. *See Bowe v. Willis*, Me., 323 A.2d 593, 596–97, n.2 (1974). The only allegation appearing is that the evidence was newly discovered. Appellants also made no attempt to demonstrate what the new evidence was. The failure to allege the essential grounds for a new trial required that the motion be denied.

■ Appellants next claim that the Town presented no evidence in support of its counterclaim and should not have recovered judgment on it. This contention is clearly without merit. The Town introduced the liens into evidence. They were valid on their face and appellants introduced no evidence attacking their validity. 36 M.R.S.A. § 943 provides in pertinent part:

"The tax lien mortgage shall be prima facie evidence in all courts in all proceedings by and against the municipality, its successors and assigns, of the truth of the statements therein and after the period of redemption has expired, of the title of the municipality to the real estate therein described, and of the regularity and validity of all proceedings with reference to the acquisition of title by such tax lien mortgage and the foreclosure thereof."

By introducing the tax liens into evidence, the Town made out a prima facie case on its counterclaim. Appellants failed to rebut it.

Appellants' final issues concern matters raised for the first time on appeal. Appellants first contend that the tax lien was only effective against Clarence. The Town, therefore, cannot recover any judgment effective against Marjorie. Appellants argue further that such judgment deprives Marjorie of due process of law. Finally, appellants urge that since the fair market value of the properties taken under the tax liens far exceeds the liens themselves, the Town has been unjustly enriched. We do not reach this issue.

"The general rule governing proper appellate procedure is that a party who seeks to raise an issue for the first time at the appellate level is held, in legal

effect, to have 'waived' the issue insofar as he utilizes it to attack a judgment already entered and from which an appeal is taken; therefore, appellate review will be denied to such question. [citation omitted]. This principle is controlling notwithstanding that the issue pertains to an alleged violation of the Constitution of the United States." *Reville v. Reville*, Me., 289 A.2d 695, 697 (1972). *Accord, Walsh v. City of Brewer*, Me., 315 A.2d 200, 209 (1974); *Younie v. State*, Me., 281 A.2d 446, 448 (1971); *Frost v. Lucey*, Me., 231 A.2d 441, 445–46 (1967).

A major policy underlying this principle is to ensure that the trial court has full opportunity to dispose finally of the action. *Reville v. Reville, supra* at 697. Only by raising all pertinent issues below can a court be alerted to the need to make appropriate findings of fact on critical aspects of the issue. *Id.*

In the instant case, certain critical facts are missing. On the unjust enrichment issue, no evidence was introduced and no factual findings were made regarding the fair market value of the disputed properties. On the issues regarding the effect of the judgment as against Marjorie, there is nothing to guide this court regarding whether Marjorie ever informed the tax collector of her status so as to bring into play 36 M.R.S.A. § 555. Since the justice below was not accorded the opportunity to dispose finally of all relevant issues, we decline to review these issues on appeal.

The entry must be:

Appeal denied. Judgment affirmed.

WERNICK, ARCHIBALD and GODFREY, JJ., and DUFRESNE, A. R. J., concurring.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

DELAHANTY, J., sat at oral argument, but participated no further.