**STATE of Maine**

v.

**Richard THORNTON.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1984.

Decided Dec. 12, 1984.

Wayne S. Moss, Asst. Atty. Gen. (orally), Augusta, David W. Crook, Dist. Atty., John D. Alsop, Jr., Asst. Dist. Atty., Skowhegan, for plaintiff.

Dyer, Goodall & Zeegers, Donna L. Zeegers (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

This State's appeal from a Superior Court (Somerset County) suppression order is once again before us on remand from the Supreme Court of the United States, following the reversal in that court of our decision in *State v. Thornton*, 453 A.2d 489 (Me.1982) (*Thornton I*), rev'd sub nom. *Oliver v. United States*, —— U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). In *Thornton I*, we affirmed the Superior Court's decision that the fourth amendment to the Federal Constitution, as made applicable to the states by the fourteenth amendment, protected a wooded area owned by defendant Thornton against warrantless searches. The Supreme Court of the United States, the final arbiter of federal constitutional questions, held that we were wrong and remanded the case to us for "further proceedings not inconsistent with [its] opinion."

The facts of the case are fully set out in *Thornton I* and need not be reiterated here.

■ Thornton argues before us now that article I, section 5 of the Maine Constitution is broader in scope than its federal counterpart, the fourth amendment, so that his woods have state constitutional protection against warrantless searches. Thornton, however, made no such contention before the suppression justice; the only citation to the Maine Constitution appearing in the memorandum that he filed in the Superior Court proceeding related to the specificity requirement for a valid warrant. Thus, Thornton did not satisfy the test laid down by *State v. Desjardins*, 401 A.2d 165, 169 (Me.1979):

[T]he suppression movant must articulate in his motion with sufficient particularity the specific reason on which he bases his claim that the seizure without warrant was illegal, so that the court will recognize the issue to be decided.

Furthermore, Thornton never urged that the Maine judiciary should fashion an evidence exclusionary rule for the purpose of enforcing article I, section 5. Objectively viewed, the theories argued before the suppression justice were not such as to inform him that the scope of the Maine search-and-seizure clause was at issue.

 With direct pertinence here, we said in *State v. Desjardins*, 401 A.2d at 169:

This Court has consistently held to the rule that issues will not be considered on appeal unless they were raised at the trial level and the record adequately reflects the particulars thereof to permit a proper disposition of the questions involved ....

*See also Harrington v. Town of Garland*, 381 A.2d 639, 642–43 (Me.1978). This strong rule of appellate procedure controls even though the belatedly raised issue involves an alleged constitutional violation. *Id.; State v. Pomerleau*, 363 A.2d 692, 696–97 (Me.1976); *Reville v. Reville*, 289 A.2d 695, 697 (Me.1972). Having chosen to raise only the federal search-and-seizure issue in the trial court, Thornton has not preserved the state issue for appellate review. *See White v. State*, 543 S.W.2d 366, 369–70 (Tex.Crim.App.1976), on remand from *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975). It is true that an appellate court will entertain an issue raised for the first time on appeal, if required to do so in order to prevent a manifest miscarriage of justice or to correct a lower court's overstepping of its jurisdictional bounds. *See State v. Desjardins*, 401 A.2d at 169. Neither reason, however, exists here for departing from the general rule. *See id.* at 170. We do not address or decide the question whether it is open to defendant in the circumstances of this case to pursue in the trial court a second motion to suppress grounded on a state constitutional claim.

The entry is:

Superior Court's order suppressing evidence vacated.

All concurring.