## Georgie LADD et al.
## v.
## Robert EVERETT.

Supreme Judicial Court of Maine.

Argued March 2, 1987.
Decided March 23, 1987.

Sidney H. Geller, Waterville, William Thomas Hyde (orally), Skowhegan, for plaintiffs.

Shiro & Shiro, John O'Donnell (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

On appeal from a judgment of the District Court, Skowhegan, in favor of the plaintiffs, Lullyn and Georgie Ladd, the defendant, Robert Everett, urges reversal on a ground raised for the first time in the Superior Court on appeal. We decline to consider a ground of relief that the defendant did not present in the District Court. *Reville v. Reville*, 289 A.2d 695, 697–98 (Me.1972). In addition, we conclude that the limitation imposed upon cross-examination of a witness was within the scope of the District Court's discretion. M.R.Evid. 611(a).

The entry is:

Judgment affirmed.

All concurring.

## VAHLSING, INC. et al.
## v.
## BANGOR AND AROOSTOOK RAILROAD CO. et al.

Supreme Judicial Court of Maine.

Argued March 6, 1987.
Decided March 23, 1987.

F.H. Vahlsing, Jr. (orally), pro se.

Bruce S. Billings (orally), Limestone, for Vahlsing, Inc.

Verrill and Dana, Roger A. Putnam (orally), J. Gordon Scannel, Jr., Portland, for defendant.

Before NICHOLS, ROBERTS and GLASSMAN, JJ.

MEMORANDUM OF DECISION.

Vahlsing, Inc. and F.H. Vahlsing, Jr. appeal the dismissal of their complaint by the Superior Court, Aroostook County, for failure to comply with a court order. Reviewing the record in a light most favorable to the plaintiffs, we conclude that the dismissal of the plaintiffs' complaint was within the scope of the trial court's discretion. *See Reeves v. Travelers Insurance Companies*, 421 A.2d 47, 50–51 (Me.1980).

The entry is:

Judgment affirmed.

All concurring.