STATE of Maine

v.

Stephen A. COTE and George
S. Yeaton.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1986.
Decided Dec. 5, 1986.

Janet T. Mills (orally), Dist. Atty., South Paris, for the State.

John S. Jenness, Jr. (orally), South Paris, for Cote.

Thomas A. Dyhrberg (orally), Harrison, for Yeaton.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Stephen Cote and George Yeaton appeal from the judgments of the Superior Court, Oxford County, entered on their conditional pleas of guilty, pursuant to M.R.Crim.P. 11(a)(2), of robbery in violation of 17–A M.R.S.A. § 651 (1983). On appeal, they contend the trial court erred in denying their motions to suppress from evidence their statements made to the police and evidence seized from a search of the car impounded by the police at the time of their arrest. We hold the trial court properly denied the motions to suppress, and affirm the judgments.

Cote was the driver of the car in which Yeaton and four other persons were riding when he was stopped by Officer Fearon on the Gray Road in Gorham for travelling 76 miles an hour in a 50 mile an hour speed zone. Neither the registration nor the number plates were issued for that car. Cote advised Fearon that he had just purchased the car in Massachusetts and had taken the plates from another vehicle to get the car to his home in Auburn. Fearon issued Cote a citation for speeding and for illegal attachment of plates, removed and retained the illegally attached plates, and instructed him to have the car towed by nightfall.

Approximately an hour later, Fearon received information that a car bearing the same plate numbers as the Cote car may have been involved in a robbery. Fearon returned to the Cote car which was parked on the side of a public road and had not moved from the site of the stop. Fearon approached the car and read the vehicle identification number (VIN) through the windshield. Fearon radioed the VIN through a computer listing of stolen vehicles. It was reported the car had been stolen from Haverhill, Massachusetts. Although Cote denied the car was stolen and produced a handwritten bill of sale, Fearon placed Cote under arrest for driving a sto-

len car. Yeaton, with the other occupants of the car, was arrested for riding in a stolen car. Yeaton, Cote and the other occupants were transported to the Gorham police station. The car was impounded and towed to an auto body shop. While in the custody of the police, both Cote and Yeaton made statements implicating them in a robbery that had occurred in the area. With the consent of the owner, Fearon and another officer searched the impounded car and found a bandana that linked Cote and Yeaton to the robbery.

Cote and Yeaton assert the VIN to the car was obtained by Officer Fearon in violation of the fourth amendment[1] and that their statements given to the police and the bandana found in the car were fruits of the poisonous tree and should have been suppressed from evidence. Yeaton further asserts Fearon had no probable cause to arrest him as a person knowingly riding in a stolen vehicle.

I

■ When Fearon returned to the Cote car, it was parked on the side of a public road at the site of the stop. His return did not constitute a second stop. The VIN was in plain view from the outside of the car. It is well established that a police officer may glance into an automobile parked on a public way and observe things that are in plain view inside the car without invoking the constitutional protections guaranteed by the fourth amendment. *See Cardwell v. Lewis*, 417 U.S. 583, 589–91, 94 S.Ct. 2464, 2468–69, 41 L.Ed.2d 325 (1974) (one has a lesser expectation of privacy in a motor vehicle; it travels public thoroughfares where both its occupants and its contents are in plain view); *State v. Harriman*, 467 A.2d 745, 748–750 (Me.1983) (when officer glanced into an automobile and saw contraband in plain view, the observation did not implicate the fourth amendment. An individual who exposes an

---

1. We need not consider defendants' contention raised for the first time on appeal that the officer's conduct violated article I, section 5 of the Maine Constitution. *See State v. Thornton*, 485 A.2d 952 (Me.1984).

object to public view has no ·reasonable expectation of privacy in that object).

■ The United States Supreme Court recently held in *New York v. Class,* —— U.S. ——, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986), that there is no reasonable expectation of privacy in a VIN because it is in plain view of someone standing outside the automobile. 106 S.Ct. at 965. The court stated it is "unreasonable to have an expectation of privacy in an object required by law to be located in a place ordinarily in plain view from the exterior of the automobile" and "... to examine it does not constitute a search." *Id.* Fearon did not obtain the VIN in violation of the fourth amendment. Cote and Yeaton had no expectation of privacy in the VIN. Once the computer check of the VIN reported the car stolen, Fearon had the probable cause necessary to place Cote under arrest as the driver of a stolen car.

## II

Yeaton contends that prior to his arrest he told Fearon he did not know the car was stolen and, therefore, Fearon lacked probable cause to arrest him. The statute under which Yeaton was arrested provides:

A person is guilty of theft if:

A. Knowing that he does not have the consent of the owner, he takes, operates or exercises control over a vehicle, or, knowing that a vehicle has been so wrongfully obtained, he rides in such vehicle.

17–A M.R.S.A. § 360 (Me.1983).

Whether probable cause existed to arrest Yeaton is determined by the particular facts and circumstances under which the arrest occurred. *State v. Carey,* 412 A.2d 1218, 1220 n. 3 (Me.1980); *State v. LeBlanc,* 347 A.2d 590 (Me.1975). Findings of fact made by the trial court supporting a suppression order will not be disturbed on appeal unless clearly erroneous. *State v. Harriman,* 467 A.2d 745, 747 (Me.1983). *See also State v. Fogg,* 410 A.2d 548, 550 (Me.1980) (presiding justice's determination

of probable cause for arrest will not be set aside unless clearly erroneous).

■ In the instant case the record discloses that Yeaton was riding in the car at the time Cote was cited for a traffic violation and for illegal attachment of number plates to the car. Yeaton was in the car approximately an hour later when Officer Fearon returned. At no time did Yeaton attempt to disassociate himself from Cote and the car. The trial court could properly find that Officer Fearon had probable cause to believe that Yeaton had accompanied Cote in the car since its theft in Massachusetts and was knowingly riding in a stolen vehicle.

The trial court properly denied the defendants' motions to suppress.

The entry is:

Judgments affirmed.

All concurring.